WILLIAM R. CLARK *vs.* MT. GREYLOCK REGIONAL SCHOOL DISTRICT & others.

Berkshire.    September 8, 1975. — October 30, 1975.

Present: HALE, C.J., GRANT, & ARMSTRONG, JJ.

*School and School Committee.*

Where a school committee notified a school principal on April 11 of a proposed reorganization of the school district which would result in the principal's demotion and on June 13 formally implemented the policy by voting to abolish the office of principal, the date of the principal's demotion for purposes of an appeal pursuant to G. L. c. 71, § 43A, as amended by St. 1971, c. 518, was June 13, even though the school committee did not formally reassign the principal to a teaching position until August 22. [551-553]

BILL IN EQUITY filed in the Superior Court on August 22, 1972.

The suit was heard by *Hayer,* J.

*Bruce D. Grinnell* for the plaintiff.
*Andrew F. Lane* for the defendants.

HALE, C.J.    The plaintiff brought a bill in equity in the Superior Court which has been treated by the parties as an appeal pursuant to the provisions of G. L. c. 71, § 43A, as amended by St. 1971, c. 518,[1] following the action of the

---

[1] That section provides in pertinent part: ". . . any person who has been demoted by vote of a school committee under the provisions of section forty-two A may, within thirty days after the vote of dismissal or demotion, appeal therefrom to the superior court in the county in which he was employed."

Mt. Greylock Regional School District Committee (committee) abolishing his position as principal of the Mt. Greylock Regional High School. The plaintiff appealed to this court from an interlocutory decree sustaining the defendants' plea in bar and from a final decree dismissing his bill. We glean the facts from the pleadings, observing that the parties do not dispute the essential facts.

The plaintiff had served continuously as principal of the Mt. Greylock Regional High School for about ten years. On April 11, 1972, the committee voted to adopt a policy of administrative reorganization of the Mt. Greylock Regional School District (district), which has jurisdiction over the Mt. Greylock Regional High School, the only school in the district. The effect of the proposed reorganization, if implemented, was to be the alteration of the table of organization of the district by eliminating the office of principal of the high school and by creating two new educational administrative positions, "Assistant to the Superintendent: Director of Studies" and "Assistant to the Superintendent: Director of Student Affairs." Under the plan the duties which had formerly been those of the principal were to be allocated between the position of superintendent and the new positions. It was anticipated that all the foregoing changes would take effect in September of 1972.

On April 13, 1972, the committee, through the superintendent, offered the plaintiff the proposed new position of "Assistant to the Superintendent: Director of Student Affairs." On April 14, 1972, the plaintiff rejected the offer by letter in which he stated, "I have declined to take a new position which is not identical to that of the principalship." He further asserted that the offered position would result in his "demotion" and that he would thus lose some of his tenure rights.

On June 8, 1972, the committee filled the position of "Assistant to the Superintendent: Director of Studies." On June 13 the committee formally implemented the previously adopted policy of reorganization by voting to abolish the position of principal and to create the two assistant

superintendent positions described above, both effective on September 1, 1972. The position of "Assistant to the Superintendent: Director of Student Affairs" was awarded to a person other than the plaintiff on August 1, 1972, apparently after the failure of the committee's efforts to persuade the plaintiff to accept the position.

On August 21, 1972, the plaintiff obtained in the Superior Court in Suffolk County an order of notice on a prayer in his bill in equity which sought a temporary restraining order. On the next day the bill was filed in the office of the clerk of the courts for the county of Berkshire. On that day the defendants voted to direct the superintendent to assign the plaintiff as a teacher of history (a position in which the plaintiff also had tenure), effective beginning with the 1972-1973 school year. The defendants filed a plea in bar claiming that the appeal to the Superior Court had not been brought within the thirty-day period set out in § 43A. The plea was sustained, and a final decree was entered dismissing the bill. The correctness of the ruling on the plea in bar is the only issue raised by the appeal to this court. To resolve that issue, we must determine from the facts when the vote of demotion occurred.

The plaintiff contends that the only vote of the committee that qualified as the statutory vote of demotion occurred on August 22, when he was assigned to a teaching position. He asserts that his appeal to the Superior Court was timely, as it was filed on that date. The defendants' position is that the vote of demotion occurred when the committee adopted the policy of reorganization on April 11, 1972, or, at the latest, when the committee voted to abolish the office of principal on June 13, creating at the same time two new positions lower than that of principal. As each of those votes was taken more than thirty days before the appeal to the Superior Court, the defendants argue that the judge was correct in sustaining the plea in bar and dismissing the bill.

In previous cases involving demotion there has been no occasion to identify the precise time at which a vote of demotion occurred. See e.g. *McCartin* v. *School Comm. of*

*Lowell,* 322 Mass. 624 (1948); *Kelley* v. *School Comm. of Watertown,* 330 Mass. 150 (1953); *Jantzen* v. *School Comm. of Chelmsford,* 332 Mass. 175 (1955); *Kaplan* v. *School Comm. of Melrose,* 363 Mass. 332 (1973). Section 43A, as amended, requires that "any person who has been demoted by vote of a school committee under the provisions of section forty-two A may, within thirty days after the vote of . . . demotion, appeal therefrom to the superior court. . .." To determine which act of the committee under the present facts started the thirty-day limitation period, we must examine the provisions of § 42A. Section 42A establishes the grounds on which a school committee may demote a "tenured" principal. It also establishes procedural safeguards. No principal may be demoted except for inefficiency, incapacity, unbecoming conduct, insubordination or other good cause. A demotion may not take place unless the school committee notifies the person of its intention to demote him at least thirty days prior to taking its vote. The person may then request a written statement of any reasons for demotion. He may also request a hearing before the committee. The statute also requires that the charges be substantiated and that the school committee receive the superintendent's recommendation as to demotion before so acting.

The thirty-day limitation set out in § 43A is clearly intended to allow a speedy resolution of conflicts arising over school committee actions taken pursuant to § 42A. The vote of the school committee which starts the running of the thirty-day limitation period must be one that demonstrates unambiguously the school committee's intention to shift the person in question to a position of lower responsibility. When a school committee adopts a plan of reorganization, many changes in positions and titles may occur, not all of them necessarily resulting in demotions. Some of the supervisory or teaching personnel may be offered positions equivalent to or higher in rank than their former positions.

Under the present facts, however, the vote of June 13, when considered in light of the offer made to the plaintiff

the previous April, was the effective vote of demotion pursuant to § 42A. The vote of April 13, 1972, to offer the plaintiff an assistant superintendency clearly demonstrated the committee's intention to shift the plaintiff to a lower position. The plaintiff's letter of April 14, rejecting the offer, showed that he understood the character of the offer and recognized that his appointment to the offered position would result in "demotion" in violation of his asserted tenure rights. Thus put on notice of the committee's intention to demote him, the plaintiff could have demanded a written statement of charges and a hearing at which he could contest the demotion. At the hearing he could have raised issues such as whether the proposed reorganization was a sham. If his arguments had not succeeded before the committee, and had it voted to carry out the plan, the plaintiff would then have had thirty days to appeal to the Superior Court. The plaintiff, although protesting the committee's policy, made no demand for a written statement or for a hearing.

The vote of the committee on June 13 effectuated the committee's intention to abolish the plaintiff's position. In view of the clearly expressed intention to offer the plaintiff at best a lower position, the plaintiff's argument that the vote of demotion did not take place until August 22 (when the committee formally reassigned him as a teacher) does not convince us. The issues raised by the plaintiff's challenge to the committee's action were ripe for appeal after the June 13 vote.

Thus, the plaintiff's suit, brought more than thirty days after the June 13 vote, was not timely, and the defendants' plea in bar was properly sustained.

*Decrees affirmed.*