WALTER G. NUTTER & others[1] *vs.* SCHOOL COMMITTEE OF
LOWELL & others[2]
(and a companion case[3]).

Middlesex.    January 11, 1977. — February 7, 1977.

Present: HALE, C.J., GRANT, & BROWN, JJ.

*School and School Committee,* Dismissal of tenured personnel.

The provisions of G. L. c. 71, § 42, applied to a school committee's
    decision to eliminate positions held by tenured teachers without
    offering to assign any of the teachers to any other position in the
    school system. [79-82]
Tenured teachers who were dismissed in violation of G. L. c. 71, § 42,
    were entitled to damages. [82-83]
Four tenured teachers who, in challenging their dismissal by a school
    committee, prevailed in the Superior Court and in this court were
    entitled to reasonable attorney's fees in accordance with the provi-
    sions of G. L. c. 71, § 43B. [83]

Two CIVIL ACTIONS commenced in the Superior Court on
March 10, 1975.

The cases were heard by *Ronan, J.*

*John D. Dwyer* for Raymond P. Gendron & another.

*Douglas H. Adamson* for Walter G. Nutter.

*Thomas E. Sweeney,* Assistant City Solicitor, for the
School Committee of Lowell & another.

GRANT, J.    These are two actions brought in the Supe-
rior Court by the four persons who, collectively, comprised
the group of four certificated and tenured school adjust-
ment counselors (G. L. c. 71, §§ 38G [as appearing in

[1] Raymond P. Gendron and Xenophon D. Michopoulos.

[2] The superintendent of schools of Lowell and Robert S. Forsley.

[3] The companion case was brought by Forsley against the school
committee and the superintendent of schools.

St. 1973, c. 847, § 5], 38J [inserted by St. 1970, c. 33], 41 [as amended through St. 1973, c. 847, § 6], and 46G [as appearing in St. 1970, c. 426]) employed by the school committee of Lowell (committee) on February 7, 1975, (1) for determinations of the invalidity of the vote adopted by the committee on that date which appears in the margin hereof,[4] (2) for damages, and (3) for costs and reasonable attorney's fees (G. L. c. 71, § 43B, as appearing in St. 1972, c. 464, § 6). The actions were consolidated for trial and treated as appeals under G. L. c. 71, § 43A, as amended through St. 1974, c. 105, § 1. Compare *Clark* v. *Mt. Greylock Regional Sch. Dist.* 3 Mass. App. Ct. 549, 549-550 (1975).

All parties have appealed[5] from various portions of the ensuing judgment which, among other things, (A) declared the vote in question effective to eliminate the plaintiffs' positions as school adjustment counselors for the school

---

[4] The vote appears in the following minutes of the committee's "Eleventh Budget Meeting," held on February 7, 1975: "*#2700-1 — Guidance Services — Adjustment Counsellors (4) — $88,880.* Mr. O'Hare asked the Superintendent for his recommendation and Mr. Sharfman recommended that they be placed under the direction of the Director of Guidance. Mr. McDonough moved to accept the Superintendent's recommendation, seconded by Mrs. Stoklosa. Mr. Kouloheras made a substitute motion to eliminate the position of Adjustment Counsellor, seconded by Dr. Peters. After some discussion Mrs. Stoklosa made a second substitute motion that the four Adjustment Counsellors with equity in the system be retained under Psychological Services and three psychologists who do not have equity in the system be eliminated. Mr. O'Hare seconded the motion but later withdrew his second. Mr. McDonough asked Deputy Supt. Sullivan for his recommendation. The Deputy Supt. concurred with the Superintendent's recommendation. On roll call Mr. Kouloheras' motion to eliminate the positions carried on a 4-3 vote with Mr. O'Hare, Mrs. Stoklosa and Mr. McDonough voting in opposition. Mayor LeMay pointed out that this did not eliminate the people, just the positions." The cases were decided and have been argued on the basis that the vote was intended to take effect as of the end of the 1974-1975 school year.

[5] The plaintiff Forsley has filed no brief or appendix in this court. The committee has not moved to dismiss Forsley's appeal, and we refrain from doing so of our own motion because counsel for the committee advised us at the argument that the committee has agreed to extend Forsley the same benefits that the other plaintiffs might gain from their appeal.

year 1975-1976, (B) declared that the vote was "not a vote to summarily dismiss the plaintiffs from their employment as teachers serving on tenure" within the meaning of G. L. c. 71, § 42 (as amended through St. 1972, c. 464, § 2),[6] (C) ordered the committee to offer the plaintiffs other positions in the school system (with the pay applicable to such positions, retroactive to the commencement of the 1975-1976 school year), and (D) awarded court costs to the plaintiffs but made no provision for their attorney's fees. The plaintiffs have also appealed from what they characterize as the judge's "decision . . . not to act at this time" on their motions to amend the judgment so as to make provision for attorney's fees. Portions of the evidence have been reproduced in the appendix.

1. The trial judge found, and no one any longer questions, that the vote of February 7, 1975, was adopted by the committee as "an administrative matter based upon reasons of economy and efficiency and entirely relevant to the [s]chool [c]ommittee's task of building and maintaining an efficient school system." The judge also found that the plaintiffs had failed to sustain the burden of proving the allegations of their complaints to the effect that the vote was a subterfuge or had been taken in bad faith. No one questions the power of a simple majority of a school committee, acting in good faith, to abolish a position held

---

[6] "The school committee may dismiss any teacher, but no teacher . . . shall be dismissed unless by a two thirds vote of the whole committee . . .. [A] teacher . . . employed at discretion under section forty-one . . . shall not be dismissed, except for inefficiency, incapacity, conduct unbecoming a teacher . . ., insubordination or other good cause, nor unless [after notice and a hearing if requested] the charge or charges shall have been substantiated . . .. Neither this nor the preceding section shall affect the right of a committee to dismiss a teacher whenever an actual decrease in the number of pupils in the schools of the town renders such action advisable. In . . . [such a] case . . . a teacher who is serving at the discretion of a school committee under section forty-one shall not be dismissed if there is a teacher not serving at discretion whose position the teacher serving at discretion is qualified to fill. No teacher . . . who has been lawfully dismissed shall receive compensation for services rendered thereafter."

by a tenured teacher for reasons of economy, system re-organization or educational policy. See and compare *Downey* v. *School Comm. of Lowell,* 305 Mass. 329, 330, 332 (1940); *Jantzen* v. *School Comm. of Chelmsford,* 332 Mass. 175, 176 (1955); *Kaplan* v. *School Comm. of Melrose,* 363 Mass. 332, 334, 335, 338 (1973); *School Comm. of Braintree* v. *Raymond,* 369 Mass. 686, 689-690 (1976); *School Comm. of Hanover* v. *Curry,* 3 Mass. App. Ct. 151, 157-159 (1975), *S. C.* 369 Mass. 683 (1976); *Clark* v. *Mt. Greylock Regional Sch. Dist.* 3 Mass. App. Ct. at 550-551. See and contrast *Sweeney* v. *School Comm. of Revere,* 249 Mass. 525, 529-530 (1924); *Downey* v. *School Comm. of Lowell,* 305 Mass. at 331-332; *Kelley* v. *School Comm. of Watertown,* 330 Mass. 150, 151, 153-154 (1953). However, the vote here in question was not adopted by two-thirds of the whole committee, nor was any effort made to comply with any of the procedural provisions of G. L. c. 71, § 42, relative to the dismissal of tenured teachers. The principal question for decision is whether the provisions of § 42 apply to the circumstances of cases such as the present. A consideration of the actual effect of the vote of February 7, 1975, in the light of the meanings which the decided cases have attributed to the words "dismiss" and "good cause" which appear in § 42 leads us to the conclusions that the section applies to the circumstances of these cases and that each plaintiff has been dismissed in violation thereof.

We look first at the actual effect of the vote (note 4, *supra*). We note first that the vote did not assign or contain any offer to assign any of the plaintiffs to any other position in the school system. Contrast *Downey* v. *School Comm. of Lowell,* 305 Mass. at 330; *Kelley* v. *School Comm. of Watertown,* 330 Mass. at 151; *Jantzen* v. *School Comm. of Chelmsford,* 332 Mass. at 176; *Kaplan* v. *School Comm. of Melrose,* 363 Mass. at 334-335; *Clark* v. *Mt. Greylock Regional Sch. Dist.* 3 Mass. App. Ct. at 551. And we note that the source of the payment of each plaintiff's salary for the upcoming school year 1975-1976 was

completely eliminated.[7] We think that any reasonable person studying the vote would have to conclude that it effected as to each plaintiff "a complete separation from the schools, and not a mere change in rank or duty," which is the meaning that was attributed in *Downey* v. *School Comm. of Lowell,* 305 Mass. at 331, to the words "dismissed" and "dismissal" as used in § 42. See also *Boody* v. *School Comm. of Barnstable,* 276 Mass. 134, 138 (1931); *Black* v. *School Comm. of Malden,* 365 Mass. 197, 203-204 (1974).

We consider next the meaning which has been attributed to the words "good cause" as used in § 42 (note 6, *supra*). The quoted words have been held to include "any ground which is put forward by the committee in good faith and which is not arbitrary, irrational, unreasonable, or irrelevant to the committee's task of building up and maintaining an efficient school system. *Rinaldo* v. *School Comm. of Revere,* 294 Mass. 167, 169." *Davis* v. *School Comm. of Somerville,* 307 Mass. 354, 362 (1940). It is at this point in our analysis that there emerges a sensible basis for harmonizing (A) a school committee's power to abolish a position held by a tenured teacher (in good faith and for good cause) and (B) the protections afforded to such a teacher by the provisions of G. L. c. 71, § 42, namely, that the abolition of the position constitutes "good cause" for the "dismissal" of such a teacher within the meaning and for the purposes of § 42.

We think such a solution consistent with the provisions of § 42 itself (note 6, *supra*), which excuses compliance with its requirements in the single instance.in which the dismissal of a tenured teacher is prompted by a shrinking school enrollment. We think such a solution also provides a proper balance between and among (a) the "general charge of all the public schools" which is entrusted to a

[7] We reject the notion discussed at argument that a vote to reduce the plaintiffs' salaries to zero could be justified as a "general salary revision" under G. L. c. 71, § 43.

school committee by G. L. c. 71, § 37, (b) a committee's power to "elect and contract with the teachers of the public schools" (G. L. c. 71, § 38), (c) the tenure provisions of G. L. c. 71, § 41, and (d) the safeguards afforded to tenured teachers by G. L. c. 71, § 42.[8] Accordingly, we hold that § 42 applies to the circumstances of these cases and that each plaintiff has been dismissed in violation of that section.

2. As already recited, the judge determined (contrary to what we have just held) that the vote of February 7, 1975, did not result in the dismissal of any plaintiff within the meaning of G. L. c. 71, § 42. He nevertheless ordered the committee to offer the plaintiffs other positions in the school system, ones which the judge clearly expected might carry salaries less than those which the plaintiffs had received as school adjustment counselors.[9] We need not explore all the ramifications of this aspect of the judgment or any of the reasons given therefor; it is enough to note that the judgment completely ignored the plaintiffs' claims for damages. Although the plaintiffs cannot be reinstated in positions which have been abolished, they are entitled to be compensated in damages (see G. L. c. 71, § 43A; *Black* v. *School Comm. of Malden,* 365 Mass. at 211-214, S. C. 369 Mass. 657, 659-663 [1976]) for the period since the commencement of the 1975-1976 school year[9] until such time as they may be lawfully dismissed under and in accordance with the requirements of G. L. c. 71, § 42. Those

---

[8] We cannot accept the committee's contention that a hearing of the type contemplated by § 42 would have been futile in the circumstances of this case. See *Jantzen* v. *School Comm. of Chelmsford,* 332 Mass. at 176, 177, 178; *Kaplan* v. *School Comm. of Melrose,* 363 Mass. at 336. The closeness of the vote of February 7, 1975 (n. 4, *supra*), leaves room for doubt as to whether the proponents of abolition would ever have been able to muster the two-thirds vote required by § 42. Compare *Black* v. *School Comm. of Malden,* 365 Mass. at 205.

[9] It was agreed at argument that since the date of the judgment one of the plaintiffs has been absorbed into some other part of the school system in some type of teaching capacity. The judge stayed the judgment pending appeal, and we have no means of knowing the amount any plaintiff has been paid from any source since the commencement of the 1975-1976 school year.

damages are to be determined and awarded after further hearing in the Superior Court.

3. One of the prayers of both complaints was that the court assess costs and attorney's fees in favor of the plaintiffs in connection with these proceedings. The question of such fees was raised with the judge when the plaintiffs rested their cases. The judge indicated that he would hold a hearing on that question at a later time if he should be disposed to enter a judgment favorable to the plaintiffs. No such hearing appears ever to have been held. The judgment awarded the plaintiffs substantive relief and court costs, but nothing for attorney's fees. The plaintiffs thereupon filed timely motions to amend the judgment (Mass.R.Civ.P. 59[e], 365 Mass. 828 [1974]) so as to include a provision for their reasonable attorney's fees. The motions were denied, and the plaintiffs seasonably appealed from the "decision of the [c]ourt not to act [on their motions] at this time." The plaintiffs prevailed in the Superior Court, and they have prevailed in this court. Accordingly, they are now entitled to reasonable attorney's fees in both courts in accordance with the provisions of G. L. c. 71, § 43B. *Black* v. *School Comm. of Malden*, 369 Mass. 657, 663-665 (1976). Such fees are to be determined (within the limit set by § 43B) and awarded in connection with the further proceedings required by part 2 of this opinion.

The orders denying the motions to amend the judgment are reversed. The judgment is reversed, and the cases are remanded to the Superior Court for the further proceedings required by this opinion and for the entry of a new final judgment which is otherwise consistent with this opinion. The plaintiffs are to have costs of appeal, within the limitation imposed by G. L. c. 71, § 43B.

*So ordered.*