FLORENCE MULDOON vs. WHITTIER REGIONAL SCHOOL
COMMITTEE & another.[1]

Essex.   April 20, 1979. — May 24, 1979.

Present: KEVILLE, GOODMAN, & GREANEY, JJ.

*School and School Committee*, Dismissal of tenured personnel, Appeal
from dismissal.

Where a school committee voted on April 13, as part of an administra-
tive reorganization, to abolish a position held by a tenured em-
ployee and on June 22 denied the employee a new position created
in the reorganization, the date of the employee's termination for
purposes of an appeal pursuant to G. L. c. 71, § 43A, was April 13.
[658-660]

CIVIL ACTION commenced in the Superior Court on July
20, 1977.

The case was heard by *DeGuglielmo*, J., a judge of the
Municipal Court of the City of Boston sitting under statu-
tory authority.

*Eugene D. Isaak* for the plaintiff.

*Robert P. Rudolph* for the defendants.

GREANEY, J. The plaintiff challenges her dismissal
from the position of tenured assistant to the "superin-
tendent director" (superintendent) of Whittier Regional
Vocational Technical High School (Whittier) which oc-
curred as the result of the Whittier Regional School Com-
mittee's (committee) vote reorganizing Whittier's ad-
ministrative structure by abolishing five positions and
creating three new positions.[2] After the plaintiff had un-

---

[1] Donald B. MacDonald.

[2] The committee voted to abolish the positions of assistant to the
superintendent, director of guidance, assistant director of academics,
assistant director of personnel, and assistant director of afternoon,

successfully applied for appointment to one of the new positions, she commenced an action in the Superior Court pursuant to the provisions of G. L. c. 71, § 43A, in which she asserted that the reorganization was undertaken in bad faith, and that her purported dismissal was invalid because of the committee's failure to comply with the procedural requirements of G. L. c. 71, § 42.[3] After the conclusion of an evidentiary hearing, the judge found as a fact that the committee had acted in good faith in its administrative reorganization, ruled that the plaintiff had failed to file her appeal from the vote dismissing her within the thirty-day period required by G. L. c. 71, § 43A (see note 8 *infra*), and directed the entry of a judgment dismissing the action.

We take our facts relevant to a discussion of the issues before us from the findings made by the judge, and from the exhibits and transcript of the proceedings reproduced in the appendix on appeal.

Whittier is a regional vocational high school established under the provisions of G. L. c. 71, §§ 14B and 15, serving eleven cities and towns in northeastern Massachusetts; these communities together have thirteen representatives on the regional school committee. The plaintiff had been employed by the committee since April 1, 1971, in the position of the assistant to the superintendent of Whittier. By vote of the committee on December 12, 1973, she was granted tenure in that position.[4] The judge

_____

evening and summer school. The committee created the positions of director, assistant director, and director of pupil personnel.

[3] Under the provisions of G. L. c. 71, § 42, a tenured teacher or superintendent may be dismissed only for good cause, after notification of the proposed action thirty days prior to the vote. After notification, the party can request both written charges and a hearing. The dismissal must be carried out by a two-thirds vote of the whole school committee. It is uncontroverted that none of these procedural steps was followed by the committee in its administrative reorganization of Whittier which resulted in the plaintiff's loss of her position.

[4] In both its answer to the complaint and its answer to interrogatories, the committee admitted that the plaintiff was granted tenure on December 12, 1973.

found (and the evidence supported his conclusion) that the member communities of the district had become increasingly concerned about the cost to them of Whittier's programs. The evidence indicated the feeling of discontent was aggravated in part by a decrease in the availability of outside funding for Whittier's vocational programs. Certain member communities were considering withdrawing from the district as a result of the "fiscal conditions of the school." There was also evidence that some committee members were particularly disturbed by what they viewed as a "top heavy" administration at Whittier, and that there had been various other attempts to reorganize its administration in the past.

Against this background, on April 13, 1977, at a regularly scheduled committee meeting, the superintendent presented the committee with a proposal for the reorganization of Whittier's administration. He had not previously presented this proposal to the administrative subcommittee concerned with the subject. The proposal recommended the abolition of five positions (including the plaintiff's position as assistant to the superintendent) and the creation of three new positions all of which would result in an estimated saving to the communities of $40,000 to $67,000 for the first year of the reorganization.[5] After discussion the committee on the same evening approved the proposed reorganization by a vote of eight to two.[6] The plaintiff, who had been informed about

---

[5] The trial judge found on these facts that "the action of the defendant was, as a result of their considered judgment, in the best interest of the school, the pupils, and the efficient fiscal and educational management of school affairs" and that "all participants in this matter voted and acted in good faith." The transcript reveals that these findings are supported by the evidence and not clearly erroneous. Mass. R.Civ.P. 52(a), 365 Mass. 816-817 (1974). *Sanguinetti* v. *Nantucket Constr. Co.*, 5 Mass. App. Ct. 227, 228 (1977).

[6] The vote appears in the following minutes of the committee's meeting: "The Superintendent Director read the attached recommendations abolishing the positions of Assistant to the Superintendent, Di-

the proposal by the superintendent a few hours before its presentation to the committee, did not attend the meeting at his suggestion. On April 15, 1977, the plaintiff received formal notification by letter from the superintendent of the committee's actions on April 13, 1977, abolishing certain positions and creating others.[7] She applied

---

rector of Guidance, Assistant Director of Academics, Assistant Director of Personnel and Assistant Director of Afternoon, Evening and Summer School. Mr. Herlihy moved, seconded by Mrs. Parker, to accept the recommendations of the Superintendent Director as attached. The vote, 8 in favor, 2 opposed (Mr. Gordon and Mr. Porelli). Mr. D'Arcangelo said it was the feeling of some of the board that the Superintendent Director position be included in the review of positions. Mr. Gordon and Mr. Porelli both felt that the Administrative Sub Committee should have been advised before the full committee of such revision of positions."

The "attached recommendations" of the superintendent director referred to in the vote were as follows:

"In view of the dramatic cuts in state reimbursements and the effect that these cuts will have on our ability to operate this school within the confines of our approval budget for 1977-78 and in view of the heavy financial impact on our member communities, I make the following recommendations for the 'reason of economy' and efficiency.

"I recommend that the following positions be abolished effective June 30, 1977:
           Assistant to the Superintendent
           Director of Guidance
           Assistant Director of Academics
           Assistant Director of Personnel
           Assistant Director of Afternoon, Evening & Summer School
"I recommend that the following new positions be posted as described in the new job descriptions:
           Director
           Assistant Director
           Director Pupil Personnel
"I recommend that the school committee request of the Division of Occupational Education an examination for the position of Director for those who apply.

"I recommend that the Chairman of the School Committee instruct the Administrative Sub-Committee to work with the Superintendent Director to review all applications and to interview those candidates who are best qualified, most competent, and who can meet the requirements for approval by the Division of Occupational Education."

[7] The letter provided as follows:

"At a regular meeting of the Whittier School Committee, held on

and was interviewed for the newly created position of director. At a June 22, 1977, committee meeting, the plaintiff was nominated for election to the position of director; the nomination was defeated by a vote of seven to four, and three other persons were selected to fill the newly created administrative positions. The plaintiff's employment at Whittier terminated on June 30, 1977. On July 20, 1977, she filed her appeal under G. L. c. 71, § 43A, in the Superior Court seeking injunctive relief, reinstatement, and damages.[8] She appeals from the judgment dismissing her complaint as well as from orders denying posttrial motions which sought a new trial (Mass.R.Civ.P. 59[a], 365 Mass. 827 [1974]), and amendments of the findings (Mass.R.Civ.P. 52[b], 365 Mass. 817 [1974]) and the judgment (Mass.R.Civ.P. 59[e], 365 Mass. 828 [1974]). We conclude that the plaintiff did not seasonably challenge the committee's action, which in effect dismissed her, within the thirty-day period specified by G. L. c. 71, § 43A; and, as a result, we affirm the judgment and the orders denying posttrial relief.

---

April 13, 1977, the following vote was taken:

"To abolish the following positions as of June 30, 1977,

Assistant to the Superintendent Director
Director of Guidance
Assistant Director of Academics
Assistant Director of Personnel
Assistant Director of Afternoon, Evening, and Summer School.

"It was also voted by the Committee to establish three new positions, job descriptions enclosed.

"It is the intention to post these positions as soon as possible."

[8] General Laws c. 71, § 43A, inserted by St. 1975, c. 337, provides in pertinent part as follows: "Any teacher or principal or superintendent of schools employed at discretion or any superintendent employed under a contract, for the duration of his contract, or any principal or supervisor, who had been dismissed, demoted, or removed from a position by vote of a school committee under the provisions of section forty-two, section forty-two A or section sixty-three may, within thirty days after such vote appeal therefrom to the superior court in the county in which the person was or is employed."

The central issue before us is whether the plaintiff took an appeal within thirty days, as required by G. L. c. 71, § 43A, from the date of the school committee's vote which severed her from the system. The plaintiff asserts that the effective vote for determining when the thirty-day period began to run was the vote taken on June 22, 1977, at which her nomination for employment in a new position was defeated, rather than the vote on April 13, 1977, which abolished her position and reorganized the administrative staff. She contends that the June 22 vote is the critical one rather than the earlier vote because she otherwise would have been put in the difficult position of being compelled to bring suit against her former employer at the very time when she had made application for a new position within the system.

Two decisions of this court bear directly on the problem, *Nutter* v. *School Comm. of Lowell,* 5 Mass. App. Ct. 77 (1977), and *Clark* v. *Mt. Greylock Regional Sch. Dist.,* 3 Mass. App. Ct. 549 (1975). In *Nutter* we considered the effect of a school committee vote taken as part of a plan of reorganization which abolished the positions held by tenured guidance counselors in relation to the rights accorded by G. L. c. 71, § 42, to tenured personnel. We held that the actual effect of the vote determines whether someone had been dismissed, and that a vote which abolished a counselor's position and "did not assign or contain any offer to assign [the counselor] to any other position in the school system" constituted a "dismissal" from the system within the meaning of § 42. *Nutter* v. *School Comm. of Lowell, supra* at 81-82, and cases cited. Accord, *Woodward* v. *School Comm. of Sharon,* 5 Mass. App. Ct. 84, 88 (1977). In *Clark* we considered the question of which vote by a school committee, if there was more than one vote, would be the definitive vote of dismissal of a tenured school employee for purposes of starting the clock running on the thirty-day appeal period established by c. 71, § 43A. We held that when there has been a series of votes, "[t]he vote of the school committee which starts

the running of the thirty-day limitation period must be the one that demonstrates unambiguously the school committee's intention" to dismiss. *Clark* v. *Mt. Greylock Regional Sch. Dist., supra* at 552.

Within the standards of these cases, we are satisfied that the vote taken by the committee on April 13, 1977, clearly and unequivocally abolished the plaintiff's position at Whittier, adequately demonstrated the school committee's intention to sever her from the system, and constituted her dismissal so as to implicate the rights accorded under § 42 of c. 71. The vote itself accepted the recommendation that the position of assistant to the superintendent be "abolished effective June 30, 1977," and that three "new positions be posted as described in the new job descriptions." No offer of a new position to the plaintiff, or to any of the others whose positions were eliminated, was contained in the recommendations or the vote which adopted it. The letter dated April 15, 1977, informed the plaintiff of the exact content of the vote abolishing her position. It indicated to her that three new positions had been created and would be posted, but it did not expressly or by reasonable implication offer any of the new positions to her. Indeed, she apparently considered the April 13 vote as unambiguously settling her status by thereafter requesting a letter of recommendation from the superintendent director for use in applying for other jobs both within and outside of the school system. We are satisfied that a reasonable person studying the April 13, 1977, vote would have concluded that it caused " 'a complete separation from the schools, and not a mere change in rank or duty' " and constituted a dismissal. *Nutter* v. *School Comm. of Lowell, supra* at 81, and cases cited. As of that date the burden of challenging the dismissal within thirty days as required by G. L. c. 71, § 43A, was placed on the plaintiff and an appeal filed on July 20, 1977, was not seasonably brought.

Our conclusion is also supported by a measure of illogic more substantive than Jesuitical in the plaintiff's posi-

tion with regard to the April 13 vote. All of her objections are squarely aimed at that vote as constituting an improper dismissal because the committee had not complied with the requirements of G. L. c. 71, § 42. She asserts that the reorganization was carried out in bad faith, that she was discouraged from attending the meeting, that she was not given adequate notice that her position was to be abolished, and that the proposal lacked a two-thirds vote of the whole committee. She thus clearly focuses on the April 13, 1977, vote as the crucial vote of dismissal, and asks us to find it wanting under the rigorous standards of c. 71, § 42. But she strenuously claims at the same time that she was not finally and unequivocally dismissed until she was denied the new position on June 22, 1977. Yet G. L. c. 71, § 43A, contemplates only a single vote as the critical one for its purposes when it expressly provides that a tenured employee who has been dismissed or removed from her position by a vote of a school committee and who wishes to challenge the dismissal or removal must "within thirty days *after such vote* appeal therefrom to the superior court" (emphasis supplied). Section 43A thus directs itself to an appeal from a particular vote, the same vote which will be scrutinized under the standards set forth in § 42. It does not contemplate the use of one vote for measuring the appeal period, and the use of a second vote for testing the adequacy of the dismissal. Since the plaintiff attacks the April 13, 1977, vote as the vote violating her § 42 rights, that is the vote for purposes of applying the time limitations in § 43A.

Finally, we decline to accept the plaintiff's invitation to create a new standard for measuring the thirty-day period contained in G. L. c. 71, § 43A, commencing at the point when she first subjectively believed that her employment had been terminated. We are of the opinion that the statute, and the views expressed herein and in other cases dealing with the subject, chiefly the *Nutter* and *Clark* decisions, represent an accurate view of the law which should not be reformulated.

All of the other contentions raised by the plaintiff in her posttrial motions and argued on appeal have either already been discussed or are unnecessary to the disposition of the appeal. The orders denying the motion for new trial and denying the motions for amendment of the findings, and to alter or amend the judgment are affirmed. The judgment dismissing the action is affirmed.

*So ordered.*