ALVAN STRIPINIS *vs.* WHITMAN-HANSON REGIONAL DISTRICT SCHOOL COMMITTEE & another. January 9, 1980. This action in the nature of certiorari under G. L. c. 249, § 4, as appearing in St. 1973, c. 1114, § 289, was brought for the purpose of reviewing (but see now *Doherty* v. *School Comm. of Boston,* 6 Mass. App. Ct. 805, 810-812 [1979]) the decision of a Superior Court judge dismissing the plaintiff's claim for declaratory and injunctive relief. It was filed in the Supreme Judicial Court, and transferred to this court pursuant to G. L. c. 211, § 4A. After a hearing a single justice of this court entered a judgment dismissing the action, from which the present appeal to a panel of Justices ensued.

The central issue presented here is whether a complaint for declaratory relief which alleges purely procedural violations of the tenured teacher dismissal law (see G. L. c. 71, § 42) is time barred by the thirty-day limitation period set out in G. L. c. 71, § 43A, for filing an appeal from the committee vote dismissing the teacher. See *Muldoon* v. *Whittier Regional Sch. Comm.,* 7 Mass. App. Ct. 653, 653-654 (1979). We think it is. Contrast *Ryan* v. *Superintendent of Schs. of Quincy,* 363 Mass. 731 (1973); *Luz* v. *School Comm. of Lowell,* 366 Mass. 845 (1974); *Woodward* v. *School Comm. of Sharon,* 5 Mass. App. Ct. 84 (1977), all of which involved a dispute as to the right to a § 42 hearing and are thus distinguishable from this case. Contrast also *Black* v. *School Comm. of Malden,* 365 Mass. 197, 205 (1974) ("we think § 42 was inapplicable").

We believe that the interpretation of § 43A urged on us by the plaintiff would be contrary to the legislative intent of that provision. "The thirty-day limitation set out in § 43A is clearly intended to allow a speedy resolution of conflicts arising over school committee actions taken pursuant to [§ 42]." *Clark* v. *Mt. Greylock Regional Sch. Dist.,* 3 Mass. App. Ct. 549, 552 (1975).

We thus have no difficulty concluding that if a school committee's actions properly fall within G. L. c. 71, § 42 (about which there is no dispute here), the dismissed tenured teacher, whether aggrieved by procedural missteps or substantive errors, must proceed to contest the

claimed errors within the time period specified under § 43A of that chapter. Accord *Clark* v. *Mt. Greylock Regional Sch. Dist., supra; Muldoon* v. *Whittier Regional Sch. Dist., supra* at 658. See also *Stripinis* v. *Whitman-Hanson Regional Dist. Sch. Comm.,* 6 Mass. App. Ct. 853 (1978) (same case).

*Judgment affirmed.*

*Jeffrey M. Freedman* for the plaintiff.
*James A. Toomey* for Whitman-Hanson Regional District School Committee.