ARNOLD K. KAUFMAN *vs.* SCHOOL COMMITTEE OF BOSTON & another.[1] May 18, 1984. *School and School Committee,* Tenure of personnel, Termination of employment, Appeal from dismissal.

In the fall of 1976, the plaintiff Kaufman was demoted from his job of acting assistant principal to that of teacher. Kaufman brought an action in the Superior Court, claiming that he had acquired tenure in his job as assistant principal and charging that in being demoted he had been denied the substantive and procedural protections of G. L. c. 71, § 42A. It is uncontested that Kaufman's new position is of a lower rank and salary than that of assistant principal. The pivotal question before us is whether Kaufman's action was timely filed. We hold that it was not.

The thrust of the plaintiff's claim here is that the school committee violated G. L. c. 71, § 42A, as appearing in St. 1975, c. 199. Under that section, tenured administrators[2] can only be demoted for "good cause" and are entitled to a number of procedural protections prior to demotion. The trial judge ruled that Kaufman's demotion was not accomplished in compliance with the procedures of § 42A and that therefore the statutory thirty-

---

[1] The superintendent of schools of Boston.

[2] The protections of c. 71, § 42A, apply to administrators who have served in certain enumerated positions for over three years. The position of "assistant principal" was inserted by St. 1975, c. 199. The school committee argues that the 1975 amendment was not meant to apply retroactively and that, therefore, Kaufman has not acquired tenure. Kaufman argues that the amendment simply clarified the fact that assistant principals were covered under the term "supervisor" (which had been and remains in the statute) or, alternatively, that the intent of the amendment was to give credit for time already served, as the trial judge ruled. We need not resolve this dispute.

day limitation period set out in G. L. c. 71, § 43, was inapplicable.[3] This was error. Even though Kaufman's complaint seeks, in part, declaratory relief under G. L. c. 231A, because the essence of his claim is that his demotion violated § 42A, it properly is treated as an appeal of the demotion pursuant to § 43A. See and compare *Stripinis* v. *Whitman-Hanson Regional Dist. Sch. Comm.*, 9 Mass. App. Ct. 819 (1980). Contrast *Farrington* v. *School Comm. of Cambridge*, 9 Mass. App. Ct. 474, 476-477 (1980), S.C., 382 Mass. 324 (1981) (§ 43A held inapplicable because the plaintiff was challenging her denial of tenure and failure to be rehired under § 41, and not a dismissal or demotion under § 42 or § 42A).

Kaufman in effect argues that § 43A is only applicable to demotions that have complied with the procedures set forth in § 42A and, therefore, that an action challenging a school committee's total failure to provide the procedural protections of § 42A need not comply with the thirty-day statute of limitations set forth in § 43A. Substantially the same argument was rejected in *Stripinis, supra* at 819. There, we held that "a complaint for declaratory relief which alleges purely procedural violations of the tenured teacher dismissal law (see G. L. c. 71, § 42)[4] is time barred by the thirty-day limitation period set out in G. L. c. 71, § 43A, for filing an appeal from the committee vote dismissing the teacher." See also *Muldoon* v. *Whittier Regional Sch. Comm.*, 7 Mass. App. Ct. 653, 657-660 (1979) (action held time-barred by statutory limitation period set forth in § 43A notwithstanding that none of the procedural protections mandated by § 42 had been followed). Contrast provisions of the civil service statute, G. L. c. 31, §§ 42, 43, which explicitly establish separate limitation periods for appeals claiming procedural defects and those claiming substantive errors.

Kaufman learned of his intended reassignment on September 3, 1976. On that same day, legal counsel filed on his behalf a grievance charging that the reassignment violated the bargaining agreement then in effect. That grievance plainly indicates Kaufman's awareness that the reassignment was a demotion. Under § 42A, he could have requested a hearing before the school committee at that time, but did not do so. See and compare *Clark* v. *Mt. Greylock Regional Sch. Dist.*, 3 Mass. App. Ct. 549, 553 (1975). The formal demotion vote took place on October 26, 1976, and the statutory limitation period began to run at least as early as when Kaufman received notice of the vote in early November, over four months before the present action was commenced in April, 1977.

In order for the statutory limitation period to begin to run, Kaufman must have received unambiguous notice of the school committee's intention to

---

[3] Judgmment was then entered ordering that Kaufman be reinstated to his former position and reimbursed for lost compensation accruing since the demotion. The determination of the amount of that compensation was reserved by agreement of the parties for further proceedings.

[4] That provision, G. L. c. 71, § 42, offers protections similar to those in § 42A.

demote him. See *Clark* v. *Mt. Greylock Regional Sch. Dist., supra* at 552. Whether such notice has been received is to be measured by a "reasonable person" standard. *Muldoon* v. *Whittier Regional Sch. Comm.,* 7 Mass. App. Ct. at 660. See *Nutter* v. *School Comm. of Lowell,* 5 Mass. App. Ct. 77, 81 (1977). Kaufman argues that the communication he received in November that his reassignment was to be "without change of rank or salary" rendered the notice of the demotion ambiguous and hence prevented the running of the statutory period. By the time Kaufman received the notice of the school committee's vote confirming his reassignment, he had been working at a lower rank and lower rate of pay for some two months and was in the middle of a grievance procedure challenging the reassignment because he claimed it had been a demotion. In that context, Kaufman cannot be heard to say that the notice he received was ambiguous.[5]

Lastly, Kaufman argues that the filing of the grievance tolled the running of the statutory limitation period because it gave school officials notice of his intention to challenge his reassignment. This does not follow. Even if the appropriate officials did have notice of Kaufman's intention to file an appeal, such notice alone is insufficient to toll a statute of limitations. Kaufman has supplied no evidence of unfair dealing or fraudulent conceal-ment, which would be needed to estop the defendants from raising the statute of limitations defense. See generally *MacKeen* v. *Kasinkas,* 333 Mass. 695, 698-699 (1956); *Salinsky* v. *Perma-Home Corp.,* 15 Mass. App. Ct. 193, 196-198 (1983).

The judgment is reversed, and a new judgment is to enter dismissing the action.

*So ordered.*

*Mary Jo Hollender,* Special Assistant Corporation Counsel, for the de-fendants.

*Paul F. Kelly* for the plaintiff.

---

[5] No evidence was introduced of any change in Kaufman's rank or salary after the school committee vote which might have supplied a reasonable basis for believing that the school committee had changed its intentions.