NEW ENGLAND MILK DEALERS ASSOCIATION, INC., & another [1]
*vs.* DEPARTMENT OF FOOD AND AGRICULTURE.

Suffolk. June 11, 1986. — September 22, 1986.

Present: ARMSTRONG, KASS, & WARNER, JJ.

*Administrative Law,* Regulations, Judicial review. *Declaratory Relief. Limitations, Statute of. State Administrative Procedure Act. Milk Control.*

Provisions of G. L. c. 94A, § 21, which specify a particularized method for obtaining judicial review of rule making proceedings under the milk control law, created an "exclusive method of review" within the meaning of § 7 of the State Administrative Procedure Act, G. L. c. 30A, with the result that certain licensed milk dealers, who claimed to be aggrieved by a regulation of the Commissioner of Food and Agriculture adopted after a rule making proceeding in which they had participated and been represented by counsel, were bound by the twenty-day limitation period prescribed by G. L. c. 94A, § 21, and could not challenge the regulation in an action for declaratory relief commenced after the twenty-day period had expired. [706-711]

CIVIL ACTION commenced in the Superior Court Department on December 21, 1984.

The case was heard by *William G. Young,* J., on a motion to dismiss.

*James C. Gahan, Jr.,* for the plaintiffs.

*Douglas H. Wilkins,* Assistant Attorney General, for the defendant.

KASS, J. On its face, a judge of the Superior Court decided, the complaint in this case was time barred and, accordingly, he allowed a motion to dismiss under Mass.R.Civ.P. 12(b)(1) and (6), 365 Mass. 755 (1974). The case raises the question whether a person seeking review of a regulation promulgated by an administrative agency is bound by a limitation period contained in a statute which prescribes the method for reviewing

[1] Cumberland Farms, Inc.

acts (including regulations) of the agency concerned or may, as an alternative, challenge the regulation by asking for a declaratory judgment.

Under G. L. c. 94A, § 21, as appearing in St. 1983, c. 691, § 38, a "person aggrieved by any . . . regulation adopted by . . . the commissioner [of food and agriculture] may, by petition filed within twenty days after the publication or service of such . . . regulation . . ., obtain a review by the superior court of the proceedings of the commissioner on which such . . . regulation . . ·. was based." According to their complaint, the plaintiffs, a trade association of milk dealers and a licensed milk dealer (hereinafter collectively called "the milk dealers"), are aggrieved by a regulation, 330 Code Mass. Regs. 21 (1984), which requires certain record keeping and reports. That regulation was published in the Massachusetts Register on November 8, 1984. The milk dealers brought no action within twenty days under G. L. c. 94A, § 21; rather, on December 21, 1984, forty-three days after publication, they filed a complaint for declaratory judgment. Although it was not pleaded in the complaint, the judge took into account that the milk dealers (they so asserted in a memorandum to the motion judge) did not receive a complete copy of the regulation until November 28, 1984. If one calculates from that date, the milk dealers' complaint still was not filed within the twenty-day limit set by G. L. c. 94A, § 21, for claiming judicial review of administrative agency action under the Milk Control Law, G. L. c. 94A.

To avoid the strictures of the twenty-day limitation period, the milk dealers rely on § 7 of the State Administrative Procedure Act (G. L. c. 30A), which provides that "[u]nless an exclusive mode of review is provided by law, judicial review of any regulation . . . may be had through an action for declaratory relief . . . ." G. L. c. 30A, § 7, as appearing in St. 1974, c. 361, § 3.

In the literal sense of the word "exclude," i.e., shutting out (see Webster's New Intl. Dict. 793 [3d ed. 1971]), there is no express language in § 21 which bars other avenues of review. Yet § 21 sets out a particularized method of judicial review of

milk control law adjudicatory proceedings *and* rule making, including a limitation period, method of service, specification of what the record shall contain, and limitations on preliminary injunctive relief. It provides that "[n]o objection not urged before the commissioner shall be considered in review," thus imposing an exclusivity of agenda. We are of opinion that a review procedure so carefully designed as to its procedural details is an "exclusive mode of review" within the meaning of G. L. c. 30A, § 7. The handiwork of the Legislature in enacting G. L. c. 94A, § 21, would be a nullity if alternate review offering different limitation periods, different specifications for the record, and a different scope of relief were available. See *East Chop Tennis Club* v. *Massachusetts Commn. Against Discrimination,* 364 Mass. 444, 450 (1973). A legislative design of the sort drawn here may not be construed in a manner which renders it essentially meaningless or superfluous. See *International Organization of Masters, Mates & Pilots* v. *Woods Hole, Martha's Vineyard & Nantucket S.S. Authy.,* 392 Mass. 811, 813 (1984); *Devaney* v. *Watertown,* 13 Mass. App. Ct. 927, 928 (1982).

Our view as to the exclusivity of G. L. c. 94A, § 21, as the avenue of review in this case is reinforced by the requirement of G. L. c. 94A, § 19(*a*)(2), as appearing in St. 1983, c. 691, § 36, that notice of a general hearing be provided by mail "to each licensee deemed by the commissioner to be affected thereby." In consequence there is a higher assurance that all persons concerned will have been alerted to and partaken in the rule making proceedings. There is reason to conclude that the specially alerted participants were to be bound to a prescribed limitation period. Compare the general notice requirements of the State Administrative Procedure Act which appear in G. L. c. 30A, § 3. We also take as an indicator of conscious policy the recognition accorded by the Legislature to the Milk Control Law in adopting the State Administrative Procedure Act and, conversely, to the State Administrative Procedure Act when recently amending the milk control law. Thus, when in 1954 the State Administrative Procedure Act was established, St. 1954, c. 681, § 7, expressly took account

of G. L. c. 94A, § 21, and inserted in it a provision that "[t]he order, rule, regulation or decision . . . shall be reviewed in accordance with the standards for review provided in" what was then G. L. c. 30A, § 14(8). When by St. 1983, c. 691, the Legislature reorganized the Department of Food and Agriculture, § 38 of that act rewrote § 21 of c. 94A and restated the reference to the standards of review in § 14 of the Administrative Procedure Act.[2] We are warranted in concluding, therefore, that the § 21 review procedure is not a vestigial hangover from the time of its original enactment in 1941.

The express reference by the Legislature to G. L. c. 94A, § 21, in St. 1954, c. 681, stands in contrast, for example, to G. L. c. 25, § 5 (review of rulings of the Department of Public Utilities), which was not mentioned in the 1954 act. Indeed, the scope of G. L. c. 25, § 5, and its applicability to general regulations was doubtful; hence a request for a declaratory judgment was an available and prudent mode of judicial review of regulations promulgated by the Department of Public Utilities. *Cambridge Elec. Light Co.* v. *Department of Pub. Util.,* 363 Mass. 474, 502-503 (1973). See also *Newton* v. *Department of Pub. Util.,* 339 Mass. 535, 544 (1959), comparing review under G. L. c. 25, § 5, which accords rights only to parties in interest, with the more plenary avenue of review under G. L. c. 94A, § 21, which is open to "[a]ny person aggrieved" and by its terms includes review of rule making. Unlike the uncertainty expressed by parties in the *Cambridge Elec. Light Co.* case, there has not been confusion in past instances as to the path to follow when challenging a regulation promulgated under the Milk Control Law. See, e.g., *Dacey* v. *Milk Control Commn.,* 340 Mass. 681, 683 (1960). A party in the *Dacey* case, coincidentally, was Cumberland Farms, Inc. (as intervener), represented by the same lawyer who appears on its behalf in the instant case. In *Dacey* and a related case, *Cumberland Farms, Inc.* v. *Milk Control Commn.,* 340 Mass. 672 (1960), the court reviewed milk control regulations under § 21 on both substantive and procedural grounds. On the

---

[2] They now appear in G. L. c. 30A, § 14(7).

authority of those cases we conclude that the "review . . . of the proceedings of the commissioner" language in § 21 implies plenary review. When a direct and distinct path of review is available, as is the case under G. L. c. 94A, § 21, "[i]t is ordinarily not appropriate to grant declaratory relief. . . ." *Hathaway* v. *Commissioner of Ins.,* 379 Mass. 551, 553 (1980).

Particularly, in the absence of special circumstances, usually ones involving a question of broad and acute public interest, declaratory relief should not be used to circumvent a period prescribed by statute for obtaining judicial review. *Second Church in Dorchester* v. *Boston,* 343 Mass. 477, 479 & n.1 (1962). *Goldman* v. *Planning Bd. of Burlington,* 347 Mass. 320, 326 (1964). *School Comm. of Franklin* v. *Commissioner of Educ.,* 395 Mass. 800, 807-808 (1985). *Boston* v. *Second Realty Corp.,* 9 Mass. App. Ct. 282, 284-285 (1980). *Stripinis* v. *Whitman-Hanson Reg. Dist. Sch. Comm.,* 9 Mass. App. Ct. 819 (1980). *Kaufman* v. *School Comm. of Boston,* 18 Mass. App. Ct. 909, 909-910 (1984). The establishment of a time limitation for judicial review of administrative agency action does, after all, stand as a legislative judgment that it is in the public interest that agency action be authoritative and certain if it is not challenged within the prescribed time. See *Natural Resources Defense Council* v. *Nuclear Regulatory Commn.,* 666 F.2d 595, 602 (D.C. Cir. 1981), which speaks of the important purpose of limitation periods for judicial review to impart finality into the administrative process and to protect "the reliance interests of regulatees who conform their conduct to the regulations." A number of cases in the tax field which have permitted limitation periods to be surmounted by actions for declaratory relief, see, e.g., *Meenes* v. *Goldberg,* 331 Mass. 688, 691 (1954), and *Madden* v. *State Tax Commn.,* 333 Mass. 734, 735-737 (1956), have not been applied in other administrative contexts. See *East Chop Tennis Club* v. *Massachusetts Commn. Against Discrimination,* 364 Mass. at 449; *School Comm. of Franklin* v. *Commissioner of Educ.,* 395 Mass. at 807-808.

We are mindful that the cases which have cast a cold eye on declaratory relief as a means of surmounting a statutory limitation period involved adjudicatory proceedings. The aggrieved party was thus fully engaged in the process before the administrative agency. It is reasonable that a conscious participant in the administrative process should be held to conditions of review specifically prescribed for that process, especially time limits. Although the instant case involves a regulation of general applicability to processors of and dealers in milk products, it is conceded that, as licensed milk dealers, the plaintiffs received notice of the rule making proceedings and that they appeared at hearings and were represented by counsel. Counsel followed the progress of the proposed rule and, although the Commissioner of Food and Agriculture failed to mail a copy of the regulation adopted to the plaintiffs as required by G. L. c. 94A, § 19(*a*)(2), counsel was made aware of the substance of the new regulations before any deadline had gone by. He had in hand what he described as a "complete copy" by November 28, 1984. As we have noted, even were we to take that as the triggering date for purposes of the twenty-day appeal period (we do not so decide), the petition for review was late. The considerations which argue against supersession by declaratory relief of a prescribed statutory period of limitation in adjudicatory review apply, therefore, in this case of rule making review. See *Westland Housing Corp.* v. *Commissioner of Ins.,* 352 Mass. 374, 382 (1967), which makes the distinction between a party who participated in, or at least was on notice of, administrative proceedings, and a party who first became aware of a rule several years after its approval by the agency. Compare *Boston Licensing Bd.* v. *Alcoholic Beverages Control Commn.,* 367 Mass. 788, 792 (1975). Cf. *Iodice* v. *Newton,* 397 Mass. 329, 333-334 (1986), rejecting a challenge of a zoning ordinance by declaratory judgment because the action fell outside the limiting period prescribed by G. L. c. 40A, § 17.

As the *Westland* case suggests, a case might stand differently, i.e., it might be in the "special circumstances" category, if a party sought to challenge by declaratory relief an administrative regulation to be applied to that party and if the challenger had not been aware, or had no occasion to be aware, of the rule

at the time of adoption, or of the process leading to the rule's adoption.

Federal cases construing § 2344 of the Hobbs Act, 28 U.S.C. § 2344 (1982), are instructive on this score. They have resisted untimely attempts[3] by parties to the rule making proceedings to obtain direct view of administrative agency orders adopting regulations. "[T]hose who have had the opportunity to challenge general rules should not later be heard to complain of their invalidity on grounds fully known to them at the time of issuance." *Outward Continental No. Pac. Freight Conference* v. *Federal Maritime Commn.*, 385 F.2d 981, 982 n.3 (D.C. Cir. 1967). *Natural Resources Defense Council* v. *Nuclear Regulatory Commn.*, 666 F.2d at 602-603. Review of substantive validity is not cut off in the context of later agency orders applying the regulation in question. See *Functional Music, Inc.* v. *Federal Communications Commn.*, 274 F.2d 543, 546-547 (D.C. Cir. 1958), cert. denied, 361 U.S. 813 (1959); *Geller* v. *Federal Communications Commn.*, 610 F.2d 973, 977-978 (D.C. Cir. 1979).

The judgment dismissing the complaint is affirmed.

*So ordered.*

---

[3] The time limit under the Hobbs Act for review of orders of enumerated Federal agencies is sixty days. See 28 U.S.C. §§ 2342 & 2344 (1982 & Supp. III 1985).