NEW ENGLAND MILK DEALERS ASSOCIATION, INC. *vs.* DEPARTMENT OF FOOD AND AGRICULTURE. No. 90-P-1064. October 15, 1992. *Milk Control. Administrative Law*, Regulations. *Moot Question.*

When the department adopted and then extended a milk price control order, the association brought a petition for judicial review pursuant to G. L. c. 94A, § 21. It claims that the orders are regulations and that the Department, in adopting them, failed to comply with G. L. c. 30A. We

adopt the reasoning of the Superior Court judge and conclude that the orders were valid. Because the orders are no longer in effect, we affirm the judgment dismissing the association's petition.

1. *Mootness.* Although we think that the association's argument has been answered generally in *New England Milk Dealers Assn., Inc.* v. *Department of Food & Agric.,* 22 Mass. App. Ct. 705 (1986), the issue raised by the association has not been addressed directly. As the question whether milk price control orders must be adopted in accordance with G. L. c. 30A or c. 94A is likely to arise in the future, we indicate our views. See *Cumberland Farms, Inc.* v. *Milk Control Commn.,* 340 Mass. 672, 674-675 (1960); *Lockhart* v. *Attorney Gen.,* 390 Mass. 780, 782-783 (1984).

2. *The orders.* It is the association's argument that the price control orders are regulations within the meaning of G. L. c. 30A, § 2, and must be adopted and promulgated in accordance with c. 30A. Whether the department was required to comply with c. 30A depends primarily upon its enabling statute and not the designation given to its challenged action. The department is enabled by G. L. c. 94A, the so-called Milk Control Act, to set minimum milk prices. The procedures to be followed relative to setting prices are detailed in § 11, § 16, § 17, and § 19. "Where the express provisions of the enabling or organic act . . . prescribe a mode and method of procedure for the promulgation of rules or regulations, the mode and method of procedure thus expressly provided must be followed by the agency. But where no mode and method of procedure for rulemaking are provided, the provisions of the Massachusetts Administrative Procedure Act are generally applicable." Cella, Administrative Law & Practice § 726 (1986). See also *New England Milk Dealers Assn., Inc.* v. *Department of Food & Agric.,* 22 Mass. App. Ct. at 707, and cases therein cited for the principle that "legislative design of the sort drawn here may not be construed in a manner which renders it essentially meaningless or superfluous."

3. *Other claims.* Because the orders in issue are no longer in effect, it is unnecessary to consider the association's remaining arguments. We nonetheless note in passing that we agree with the conclusions of the Superior Court judge that (a) the association, by participating in the hearings without making any objection about the prehearing notices, waived its right to seek review of the sufficiency of the notices, see *Shoolman* v. *Health Facilities Appeals Board,* 404 Mass. 33, 43 (1989); G. L. c. 94A, § 21; and (b) there was substantial evidence to support the department's finding that if prices were not stabilized by price control orders, the Massachusetts dairy industry was at risk of collapse.

*Judgment affirmed.*

*James C. Gahan, Jr.* (*John A. Morrissey* with him) for the plaintiff.
*Douglas H. Wilkins,* Assistant Attorney General, for the defendant.