JOHN J. McSWEENEY *vs.* TOWN MANAGER OF LEXINGTON.
& another.[1]

Middlesex.  December 7, 1979. — February 14, 1980.

Present: HENNESSEY, C.J., QUIRICO, LIACOS, & ABRAMS, JJ.

*Public Officer*, Removal. *Municipal Corporations*, Removal of public of-
ficer. *Practice, Civil*, Extraordinary review. *Words*, "For cause."

Under St. 1968, c. 753, the Town Manager Act, the "removal for cause"
provision includes any ground asserted in good faith which is not ar-
bitrary, irrational, unreasonable or irrelevant to the town manager's
duty of ensuring efficient management of the town.  [796-798]
In an action in the nature of certiorari, pursuant to G. L. c. 249, § 4,
seeking a review of a town manager's decision to remove the plaintiff
from his position as superintendent of public works and town engi-
neer, the appropriate standard of review was not whether there was
substantial evidence to support the town manager's findings but
whether the decision was arbitrary, capricious or an abuse of discre-
tion.  [799-800]

CIVIL ACTION commenced in the Superior Court Depart-
ment on July 28, 1978.

The case was heard by *Mitchell, J.*

The Supreme Judicial Court granted a request for direct
appellate review.

*Reginald H. Howe (Scott F. Burson* with him) for the de-
fendants.

*Morris M. Goldings* for the plaintiff.

LIACOS, J.  This case originated as a complaint in the
nature of certiorari, pursuant to G. L. c. 249, § 4, seeking a
review of the decision of the defendant town manager of
Lexington, to remove the plaintiff, John J. McSweeney,
from his position as superintendent of public works and

---

[1] Board of selectmen.

town engineer for the town of Lexington. A judge of the Superior Court ordered the plaintiff reinstated with back pay and without any penalty for interruption in his employment. This court granted the defendants' application for direct appellate review.

The plaintiff held the position of town engineer of Lexington from December, 1967, to July, 1973. In September, 1970, he was appointed to the position of acting superintendent of the public works department. In March, 1970, the town of Lexington established a selectmen-town manager form of government in accordance with St. 1968, c. 753 (hereafter the Town Manager Act). Pursuant to the provisions of that act, in March, 1972, the then town manager appointed the plaintiff superintendent of public works. The plaintiff was reappointed town engineer in September, 1976.

The current town manager took office in January, 1977. He first expressed concern over the plaintiff's performance in December, 1977. At that time the town manager advised the plaintiff that serious action, including removal, would be taken if his performance did not improve. In a letter dated May 23, 1978, the town manager notified the plaintiff that his employment would be terminated effective August 1, 1978. The letter set forth the reasons for the decision to remove the plaintiff from the positions of town engineer and superintendent of public works, citing five examples of poor supervision and review, and three examples of poor performance.

A hearing on the matter was held on July 10, 1978, with the town counsel presiding as the hearing officer. The plaintiff was represented by counsel, and the town manager appeared on behalf of the town of Lexington. By letter dated July 20, 1978, the town manager informed the plaintiff of his conclusion that the evidence presented at the hearing supported all, except one, of the eight grounds for removal set forth in the May 23 letter. The town manager indicated that he would execute the termination, effective August 1, 1978. A later hearing by the board of selectmen,

ordered by the court,[2] resulted in a board decision to support the town manager's decision to remove the plaintiff. After reviewing the evidence presented at the July 10 hearing, a judge of the Superior Court concluded "that there is not 'just cause' for McSweeney's removal; that there is no substantial evidence which indicates or supports reasons sufficient in law for McSweeney's removal."[3] Accordingly, the judge ordered the plaintiff reinstated.

We agree with the defendants' contention that the judge misconstrued the removal "for cause" standard contained in the Town Manager Act, St. 1968, c. 753, § 2. The statute provides in pertinent part: "(e) The town manager shall appoint . . . a superintendent of public works . . . . (f) Any person so appointed under subparagraph (b), (d) and (e) who is not subject to the provisions of chapter thirty-one of the General Laws[4] may be removed by the appointing authority for cause on five days notice in writing setting forth the cause of such removal . . . ."

The judge's initial statement of the removal standard was correct. He quoted from this court's opinion in *Dunn* v. *Mayor of Taunton*, 200 Mass. 252, 258 (1908), where we stated, "official action . . . under a power of removal 'for cause' can be revised by this court only when there has been an arbitrary exercise of power, and the cause alleged for the removal is unreasonable and in law insufficient." However, the judge's further enunciation of the standard was erroneous, confusing the "for cause" standard with the "miscon-

---

[2] On July 31, 1978, on a motion by the plaintiff for a preliminary injunction enjoining the defendants from effecting the termination, the Superior Court judge entered an interlocutory order: (1) enjoining the defendants from discontinuing payment of the plaintiff's salary pending further order of the court; and (2) directing the board of selectmen to hold a hearing within thirty days on the termination and to file the decision with the court.

[3] The judge concluded that the town manager's "participation at the removal hearing [of July 10, 1978] does not render that hearing a nullity, as McSweeney contends." The plaintiff does not contest this ruling on appeal.

[4] The superintendent of public works is not covered by G. L. c. 31.

duct" standard. He stated, "although concerned only with charges of misconduct, the court in *Bunte* [v. *Mayor of Boston,* 361 Mass. 71, 76 (1972)] appears to be requiring that before a public officer can be removed because of inefficiency or misconduct with regard to particular aspects of his or her duties, such public officer must somehow be apprised of what is expected of him or her in that regard. Thus, to be legally sufficient, the stated causes for McSweeney's removal must amount to a substantive dereliction of known duties or standards of performance."

The plaintiff in *Bunte* was removed from office in accordance with the statutory procedure established by G. L. c. 121B, § 6, which provides for removal "because of inefficiency, neglect of duty to misconduct in office." Removal "for cause" does not require a showing of inefficiency, neglect or misconduct, and hence the cause for removal need not amount to a substantive dereliction of known duties or standards of performance, as the Superior Court judge indicated. While inefficiency, neglect, and misconduct are all legally sufficient causes for removal, it does not follow that they are the only legally sufficient causes. Removal "for cause" embraces many situations which are not encompassed under the "misconduct" standard of G. L. c. 121B, § 6. For example, the good faith abolition of a position for valid reasons constitutes a legally sufficient cause for removal which involves no allegation of neglect or misconduct. See *Nutter* v. *School Comm. of Lowell,* 5 Mass. App. Ct. 77, 79-80 (1977).

The mere assertion of cause for removal which includes allegations of inefficiency or neglect does not transform the "cause" standard into a "misconduct" standard. It is not the cause alleged which determines the appropriate standard, but rather the statutory provision.[5]

---

[5] The standard itself imports no stigma to the discharged employee. The cause assigned for removal may, however, have such an effect. As we suggested in *Costa* v. *Selectmen of Billerica,* 377 Mass. 853, 859 n.9 (1979), the nature of the reason given for termination affects the need for particularity in setting forth the reason. "For example, . . . if an appoint-

The "for cause" standard in the Town Manager Act reflects a legislative intention to allow the town manager to exercise his good professional judgment in making personnel decisions relative to subordinate appointed officials.[6] The town manager should be allowed to exercise his discretion to remove untenured officials such as McSweeney, in whose competency and efficiency he has less than complete confidence, so long as he does not abuse his discretion or exercise it in an arbitrary or capricious manner. This court has set forth the "for cause" standard in a long line of cases. See *Rinaldo* v. *School Comm. of Revere*, 294 Mass. 167, 169 (1936); *Dunn* v. *Mayor of Taunton, supra* at 258; *Gaw* v. *Ashley*, 195 Mass. 173, 177 (1907); *Nutter* v. *School Comm. of Lowell, supra* at 81. "Cause" under the Town Manager Act includes any ground asserted in good faith which is not arbitrary, irrational, unreasonable or irrelevant to the town manager's task of ensuring efficient management of the town.[7] The judge did not properly apply this standard. The cause alleged was reasonable and in law sufficient.[8]

ing authority chose to rely on culpable misconduct for a . . . termination, it ought to be definite about the grounds." Thus, while the removal standard is unaffected by the cause assigned for removal, the nature of the assigned cause is a relevant consideration, with regard to the requirement of certain procedural safeguards, such as adequate notice containing a particularized statement of reasons.

[6] See *Costa, supra,* where we recognized an analogous legislative concern relative to removal under G. L. c. 31, § 20D. In that case we made reference to "the rigidities in removing unfit tenured employees." *Id.* at 861.

[7] We note that the opinion expressed herein does not pertain to removal under the civil service statute. G. L. c. 31, § 41. The policy considerations involved in the removal of an appointed official under the Town Manager Act are substantially different from those involved in the removal of a civil service employee. See, for example, *O'Connor* v. *City Manager of Medford*, 7 Mass. App. Ct. 615, 621 (1979), where the Appeals Court recognized that "persons of high office do not acquire the protections acquired by employees of lesser rank."

[8] The cause alleged for removal was set forth in the May 23, 1978, termination letter from the town manager to McSweeney. It states in pertinent part: "This letter is to advise you in writing of my intention to terminate your services on August 1, 1978. I believe that this action is required

Having determined that the judge did not apply the appropriate removal standard, we now turn to the question whether the judge applied the correct standard of review to the town manager's decision. Separate issues are presented; the removal standard going to the question of what kind of cause is deemed sufficient, and the standard of review going to the question of how a reviewing court determines whether the cause alleged has been substantiated.

The judge correctly treated this case as involving a complaint in the nature of certiorari under G. L. c. 249, § 4. Relying on *Boston Edison Co.* v. *Boston Redevelopment Auth.*, 374 Mass. 37, 48-49 (1977), he ruled that "[t]he scope of review under G. L. c. 249, § 4, as amended, is the 'substantial evidence' test. . . . That is, '[t]he evidence must be held to be insufficient as a matter of law unless there was "substantial evidence" to support the findings. . . .' *Bunte* v. *Mayor of Boston, supra* at 74." Although we determined that the substantial evidence test was the appropriate standard of review in the *Boston Edison Co.* case, we made the following observation about the significance of the 1973 amendment to G. L. c. 249, § 4:[9] "The deletion of the provision permitting challenges based on insufficiency of the evidence, the only statutory provision concerning judicial review in connection with a writ of certiorari, was designed to permit the appropriate scope of review to be tailored to the substance of the complaint." *Boston Edison Co., supra* at 49.

_____

in the best interests of the Town of Lexington because of your inadequate performance of your duties as Director of Public Works and my lack of confidence in your execution of those duties. Specifically, I do not have confidence in the credibility of your work and your ability to supervise and review work of subordinates." The letter went on to cite five specific examples of poor review and supervision and three specific examples of poor performance.

[9] Prior to 1974, G. L. c. 249, § 4, expressly provided: "It shall be open to the petitioner to contend at the hearing upon the petition that the evidence which formed the basis of the action complained of or the basis of any specified finding or conclusion was as matter of law insufficient to warrant such action, finding or conclusion." St. 1943, c. 374, § 1. This provision was omitted in the statutory revision contained in St. 1973, c. 1114, § 289, effective July 1, 1974.

Thus, we will consider "the nature of the action sought to be reviewed," in determining the appropriate standard of review in this case. *Id.* The town manager terminated the employment of an appointed official pursuant to St. 1968, c. 753, § 2, which provides for removal "for cause." The cause alleged was not arbitrary, unreasonable, or irrelevant to the town manager's task of ensuring efficient management of the town. In reviewing the town manager's decision that the cause alleged was supported by the evidence presented at the hearing before him, we will uphold such decision so long as it is not arbitrary, capricious or an abuse of discretion. In other words, our review of the evidence presented at the removal hearing will not be to determine whether there was substantial evidence to support the findings, but rather to determine whether there was sufficient evidence to satisfy the "arbitrary and capricious" standard.[10] In so deciding, we tailor the standard of review to the removal standard.

The judge's order of reinstatement was not based on the proper standard of review and constitutes an error of law. We may correct such an error at this stage by applying the correct standard of review to the town manager's decision. See *Commissioner of Revenue* v. *Lawrence, ante* 205 (1979); *Southern Worcester County Regional Vocational School Dist.* v. *Labor Relations Comm'n,* 377 Mass. 897 (1979).

After reviewing the evidence presented at the removal hearing, the town manager concluded that all matters alleged, with the exception of one, were "upheld by the information presented." We have likewise reviewed the exhibits and transcript of the removal hearing and conclude that the town manager's decision was not arbitrary, capricious, or

---

[10] The plaintiff argues that the substantial evidence test has been applied in actions challenging the removal of municipal employees for cause, and cites *Morse* v. *Selectmen of Ashland,* 7 Mass. App. Ct. 739 (1979). To the extent that the *Morse* analysis of the standard of judicial review differs from ours, it is, of course, not controlling. Nor are we inclined to accept such a view.

an abuse of discretion. Accordingly, we reverse the judgment of the Superior Court and remand the case for entry of judgment consistent with the opinion expressed herein.

*So ordered.*