Fishman, J.
The plaintiff, Nancy Eaton (“Eaton”), brings this action challenging a decision of the Board of Selectman of the Town of Reading (“Board”), made pursuant to G.L.c. 40, §8C and Section 8.14 of the Reading Home Rule Charter, to remove her from her position as a member of the Reading Conservation Commission (“Commission”). Count I of the Amended Complaint, a certiorari claim under G.L.c. 249, §4, alleges that the Board’s decision is arbitrary and capricious and contrary to law.[2] Eaton moves for partial judgment on the pleadings on her certiorari claim, and, as a remedy, states that this Court should vacate the Board’s decision and order Eaton’s reinstatement as a Conservation Commissioner for a period equal to the tenure on the Board denied her. For the reasons discussed below, plaintiffs motion is ALLOWED in part, and DENIED in part.
Specifically, Eaton claims that the record[3] establishes violations of her state statutory and constitutional due process rights, as well as her free speech and petitioning rights under Article XVI of the Massachusetts Declaration of Rights. The Appeals Court, in reviewing the denial of a preliminary injunction in this case, held as follows.
The record on appeal reveals that Eaton would have likely prevailed on her claim that process extended to her in connection with the proposed removal of Eaton from town’s conservation commission was deficient. According to notice sent to Eaton in the form of a letter from the chairman of the [Board],.. . dated September 18, 2001, the board would, after hearing, determine whether “sufficient cause exists for [Eaton’s] removal.” That hearing . . . took place on October 9, 2001. Hines opened the meeting by reading his September 18 letter. Before Eaton had any opportunity to be heard, four of five selectmen present made statements concluding in essence that each had determined Eaton should be removed.
Order of Dismissal, Eaton v. Bd. of Selectman of Reading, No. 02-P-420, at 1-3 (Mass. Appeals Ct., Feb. 23, 2004) (footnotes omitted) (“Appeals Court Decision”).
The Appeals Court recognized that Eaton was subject to removal from her tenured, unpaid position for cause, which includes any ground asserted in good faith. Id. at 3, citing G.L.c. 40, §8C; Reading Home Charter §§8-14; McSweeney v. Town Manager of Lexington, 379 Mass. 794, 798 (1980). Eaton was entitled, however, “to an opportunity to present her side of the story prior to any determination regarding removal,” and she was denied due process given the “irreffutable evidence” that “a majority of the board impermissibly determined that [she] should be removed before any hearing had taken place.” Appeals Court Decision, at 3-4 & n.5. (citations omitted). The Appeals Court also found that the Board’s conduct in considering material unrelated to charges of rude and uncivil behavior by the plaintiff was impermissible. Id. at 2 n.3. Thus, Eaton is entitled to judgment in her favor on her certiorari claim that the Board’s judgment was not in accordance with the law by virtue of the violation of her due process rights.
The plaintiff has not established, however, that the decision itself to remove her from the Commission — as distinguished from the process — was an error of law or .arbitrary and capricious. The Board stated that Eaton’s removal was predicated on her rude and argumentative behavior, and not in retaliation for her public statements or for the votes she cast. On the record before this Court, even as supplemented by the plaintiff, there is sufficient evidence to support the stated reasons for dismissal as distinguished from removal in retaliation for speech and petitioning activity.
The remaining question is the appropriate remedy. Eaton’s term as a member of the Commission expired in June 2003, and the Board appointed another person to the position at the conclusion of her term. While the violation of the plaintiffs due process rights would in some circumstances warrant a new hearing (predictably, a futile remedy here) or reinstatement if the position were vacant, those remedies are not available here. The position having been filled, this Court does not find, as Eaton suggests, that there is a basis for requiring the Board to install the plaintiff to a future vacancy on the Commission for a period equivalent to the time she would have served if not removed prior to the expiration of her term. The plaintiff is left to the remedies available to her on the remaining counts of her complaint, should she prevail on those claims.
ORDER
Based on the foregoing, it is hereby ORDERED that the motion of the plaintiff, Nancy L. Eaton, for partial judgment on the pleadings on her certiorari claim is ALLOWED to the extent that this Court finds an error of law arising from the violation of the plaintiffs due process rights by the defendants, but DENIED in all other respects, including the plaintiffs request for reinstatement.

Count II is a mandamus claim; Count III claims a violation of G.L.c. 40, §8C and a breach of contract; and Count IV seeks damages for alleged civil rights violations. These counts are not the subject of the instant motion.

The record consists of the transcript of the removal hearing, certain correspondence and a memo, and the Town Bylaws and Home Rule Charter. It also contains certain materials which this Court has permitted to be filed as a supplemental record. This supplemental record principally contains portions of minutes and transcripts of other proceedings (Town Meeting and a Selectmen’s meeting) which are referenced by the Board in its removal proceedings. Such a supplementation is appropriate pursuant to G.L.c. 30A, §14(4) and Standing Order 1-96. See Douglas Environmental Assocs., Inc. v. Department of Environmental Protection, 429 Mass. 71, 74-75 (1999).