Anthony G. SAVILLE,
Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 75–1283.

United States Court of Appeals,
First Circuit.

Argued Oct. 7, 1975.

Decided Oct. 20, 1975.

Edward F. Harrington, New Bedford, Mass., by appointment of the court, with whom Gargan, Harrington, Markham & Wall, Boston, Mass., was on brief, for petitioner-appellant.

William A. Brown, Asst. U. S. Atty., Chief, Civ. Div., with whom James N. Gabriel, U. S. Atty., Boston, Mass., was on brief, for respondent-appellee.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

PER CURIAM.

After pleading guilty, appellant was sentenced on February 23, 1973, to three years' imprisonment upon two counts charging him with the possession and sale of counterfeit notes with intent to defraud, in violation of 18 U.S.C. § 472. The sentence was to be served consecutively with an eight year term imposed in a prior case.

Appellant thereafter moved to vacate the sentence under 28 U.S.C. § 2255, arguing that the sentencing court had considered uncounseled prior convictions and certain erroneous information concerning a prior conviction that was later vacated. A hearing was held on the motion by the same judge who had sentenced him. The judge dismissed the motion to vacate after ruling that he found the three year consecutive sentence to be "reasonable in light of the gravity of the offense and exclusive of any prior counseled or uncounseled convictions."

Appellant now argues that his original sentence should have been set aside. He cites language in *United States v. Tucker,* 404 U.S. 443, 445–46, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), that a sentence should be invalidated if there was "a reasonable probability that the defective prior convictions may have led the trial court to impose a heavier prison sentence than it otherwise would have imposed." However, as the Government points out, the sentence in *Tucker* was apparently affected by the prior convictions, whereas in the present case the sentencing judge has reviewed the sentence in light of appellant's contentions and has specifically found the sentence to be reasonable apart from the prior record. In our recent decision of *O'Shea v. United States,* 491 F.2d 774, 778–80 (1st Cir. 1974), *overruled on other grounds, Wingo v. Wedding,* 418 U.S. 461, 473 n. 19, 94 S.Ct. 2842, 41 L.Ed.2d 879 (1974), we sanctioned such a procedure, holding it appropriate for the original sentencing judge, in cases involving claims of this nature, "to consider, first, whether he would have imposed a different sentence had he known of the invalidity of the state convictions." If not, the sentence may stand; if so, the judge is to inquire as to the convictions and resentence if called for. *Id. See also United States v. Sawaya,* 486 F.2d 890 (1st Cir. 1973). We accordingly find no

error in the court's judgment and, as the sentence was within legal limits, we have no power to disturb it. *Dorszynski v. United States,* 418 U.S. 424, 440–41, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974); *United States v. Foss,* 501 F.2d 522, 527 (1st Cir. 1974). The fact that another district judge may have chosen to reduce the separate eight year sentence imposed in another case on grounds allegedly similar to those advanced here, an action not reviewed in this court, is immaterial to the instant § 2255 proceeding.

*Affirmed.*