COMMONWEALTH *vs.* THOMAS L. KING. July 27, 1976. 1. The judge's refusal to order the victim of the breaking and entering, armed robbery and assault to disclose her present address is indistinguishable in principle from the refusal tolerated in *Commonwealth* v. *McGrath,* 364 Mass. 243, 250-252 (1973), order denying habeas corpus affirmed sub nom. *McGrath* v. *Vinzant,* 528 F.2d 681 (1st Cir.), cert. dism. 426 U.S. 902 (1976). For all that appeared, the other participants in the offences charged (and in a rape of the victim) were still at large, and the judge was confronted with a situation in which the threat to the witness was "inherent and . . . [did] not require specific demonstration." *Commonwealth* v. *Johnson,* 365 Mass. 534, 545 (1974). That threat was not balanced by any representation (or even any suggestion) of need to know the victim's present address. 2. The judge did not err in interrupting the defendant's improper closing argument, in the remarks he made on that occasion, or in the remarks he subsequently made on the same subject in the course of his charge. See and compare *Common-*

Rescript Opinions.

*wealth* v. *Witschi,* 301 Mass. 459, 460-461, 462-463 (1938); *Commonwealth* v. *Pettie,* 363 Mass. 836, 839-842 (1973); *Commonwealth* v. *Montecalvo,* 367 Mass. 46, 56-57 (1975). 3. With one exception, the improper remarks made by the prosecutor in the course of his closing argument were founded on evidence which had been admitted without objection (compare *Commonwealth* v. *Dascalakis,* 246 Mass. 12, 27-28 [1923]; *Commonwealth* v. *Barras,* 3 Mass. App. Ct. 43, 49-50 [1975]), and none of those remarks was any more prejudicial than the evidence on which it was based. Compare *Commonwealth* v. *MacDonald (No. 1),* 368 Mass. 395, 402 (1975). The one exception ("[the] type of person [who] would commit an offense like this ... would have to be ... pretty depraved ... to break into a fellow human being's apartment and clean it out") was not more egregious than any of the remarks or characterizations countenanced in such cases as *Commonwealth* v. *Bottiglio,* 357 Mass. 593, 598 (1970) ("people like these sitting around hatching up jobs"), *Commonwealth* v. *Heard,* 360 Mass. 855 (1971) (defendant a "bully"), *Commonwealth* v. *Lussier,* 364 Mass. 414, 424, n.3 (1973) (defendant a "creepy-looking character"), and *Commonwealth* v. *MacDonald (No. 1),* 368 Mass. at 402 (defendant a "hard-boiled criminal"). The evidence against the defendant was strong. Compare *Commonwealth* v. *DeChristoforo,* 360 Mass. 531, 539 (1971), order denying habeas corpus rev'd sub nom. *DeChristoforo* v. *Donnelly,* 473 F. 2d 1236 (1st Cir. 1973), rev'd 416 U. S. 637 (1974). Contrast *Commonwealth* v. *Graziano,* 368 Mass. 325, 332 (1975). The jury were instructed that arguments are not evidence and to "decide the case upon the evidence." Compare *Commonwealth* v. *DeChristoforo,* 360 Mass. at 538; *Commonwealth* v. *Valliere,* 366 Mass. 479, 494 (1974), *Commonwealth* v. *MacDonald (No. 1),* 368 Mass. at 402. We are not persuaded that the jury were influenced by any of the prosecutor's remarks or that any of the verdicts was tainted thereby. *Commonwealth* v. *Smith,* 342 Mass. 180, 188 (1961). *Commonwealth* v. *Bottiglio,* 357 Mass. at 598. Contrast *Commonwealth* v. *Redmond,* 370 Mass. 591, 594-597 (1976).

*Judgments affirmed.*

The case was submitted on briefs.

*Adam M. Lutynski* for the defendant.

*Philip T. Beauchesne,* Assistant District Attorney, for the Commonwealth.