COMMONWEALTH *vs.* RICHARD MOSLEY.

Hampshire.    May 8, 1978. — June 21, 1978.

Present: HALE, C.J., GRANT, & ARMSTRONG, JJ.

*Practice, Criminal,* Comment by prosecutor.

Comments in a prosecutor's closing argument in which he characterized the defendant as a "wild animal," although improper, did not constitute reversible error where the judge's instructions to the jury were sufficient to neutralize any prejudice which might have resulted from the prosecutor's remarks. [452–454]

INDICTMENTS found and returned in the Superior Court on October 11, 1974.

The cases were tried before *Tisdale,* J.

The case was submitted on briefs.

*Fern L. Nesson* for the defendant.

*John M. Callahan,* District Attorney, & *Stephen R. Kaplan,* Assistant District Attorney, for the Commonwealth.

HALE, C.J. After a jury trial in the Superior Court the defendant was found guilty on indictments charging him with assault and battery, assault with intent to commit rape and commission of an unnatural and lascivious act.[1] The defendant's sole argument on appeal is that his conviction must be reversed because it was the product of jury prejudice against him resulting from improper comments made by the prosecutor in his closing argument.[2] As the defendant neither objected to the content of the prosecutor's closing argument nor requested curative instructions thereon from the trial judge, we examine the alleged prejudicial statements in the context of the entire case in order to determine whether a miscarriage of justice has occurred. See *Commonwealth* v. *Lussier*, 364 Mass. 414, 424 (1973); *Commonwealth* v. *Shelley*, 374 Mass. 466, 469 (1978).

The defendant argues that those portions of the prosecutor's closing argument in which the prosecutor characterized him as a "wild animal" were so egregious and harmful that the instructions given by the judge in his charge were insufficient to remove the taint from the minds of the jury.[3]

---

[1] The defendant was sentenced on the latter two indictments. The assault and battery indictment was filed with the defendant's consent and is not the subject of this appeal.

[2] Those assignments of error not briefed and argued by the defendant are deemed waived. Rule 1:13 of the Appeals Court, as amended, effective February 27, 1975, 3 Mass. App. Ct. 801.

[3] The transcript discloses two passages within the prosecutor's closing argument in which he referred to the defendant in this manner. At one point he stated: "She [the victim] then described to you, Mr. Foreman and ladies and gentlemen of the jury, a series of events which took place constituting in essence a violent and brutal attack by a wild animal; that this individual threw her to the ground. She indicated what her state of mind was. She indicated to you what this animal did to her. She indicated approximately how long it lasted."

Later in his argument the prosecutor stated: "Is there any question in your minds that she [the victim] re-identified this man at the police station when she looked through the window and turned her head and couldn't stand the sight of the animal who had attacked her?"

An epithet such as that used by the prosecutor has been characterized as "impermissible excess" in *Commonwealth* v. *Collins*, 374 Mass. 596, 601 (1978). However, we recognize that the judge may have been placed in a quandary as to how to correct the impression left with the jury by the prosecutor's remarks due to the failure of the defendant's attorney to object or request instructions.[4] See *Commonwealth* v. *Shelley, supra* at 472-473. We cannot say that the manner in which the judge chose to address the issue was insufficient to dispel any prejudice which may have accrued from the prosecutor's argument. Moreover, we conclude that under all the circumstances the impact caused by this isolated prosecutorial miscue was not so prejudicial to the defendant as to compel reversal of his convictions. See *Commonwealth* v. *Burnett*, 371 Mass. 13, 18-19 (1976); *Commonwealth* v. *Earltop*, 372 Mass. 199, 203-204 (1977).

We note that this is not a case where the prosecutor has made improper argument after the presentation of a weak case against the defendant. Contrast *Commonwealth* v. *Graziano*, 368 Mass. 325, 332 (1975). In this case the victim testified that she had been accosted by the defendant while she was riding her bicycle in a wooded area shortly after two o'clock in the afternoon. She testified that over a period of about fifteen minutes the defendant had hit her, choked her, forced her to remove her underwear, performed oral sex upon her, and penetrated her for a second or two with his penis. The victim's identification of the defendant was positive and could be considered by the jury as reliable. A police officer also testi-

---

The judge instructed the jury that the attorneys' final arguments were not to be considered as evidence. He directed the jury to consider only the evidence which had been presented before them in reaching their verdict without influence from "any feelings of sympathy, compassion, hostility, dislike, prejudice, bias, or any other feeling for or against anyone involved in these cases, whether a witness or defendant, attorneys or otherwise."

[4] We note that counsel on this appeal was not trial counsel.

fied at trial as to a statement which the defendant had made to him after having been informed of his constitutional right to remain silent. The jury could have reasonably inferred from that statement that at the time of his arrest the defendant had possessed an incriminating awareness of the circumstances of the attack.

We also note that both parties agreed during trial that the victim had suffered a brutal attack.[5] While the prosecutor was guilty of using inappropriate hyperbole in describing that occurrence, the characterization cannot be said to have had no basis in the evidence. Compare *Commonwealth* v. *Gilday*, 367 Mass. 474, 497 (1975); *Commonwealth* v. *McColl*, 375 Mass. 316, 325 (1978); *Commonwealth* v. *Barras*, 3 Mass. App. Ct. 43, 49 (1975). With these considerations in mind we conclude that any prejudice which might have resulted from the prosecutor's remarks was neutralized by the clear instructions which were given by the judge in his general charge to the jury. See *Commonwealth* v. *Burnett*, 371 Mass. at 18–19; *Commonwealth* v. *Earltop*, 372 Mass. at 203–204; *Commonwealth* v. *King*, 4 Mass. App. Ct. 833, 834 (1976). Contrast *Commonwealth* v. *Burke*, 373 Mass. 569, 576–577 (1977); *Commonwealth* v. *Shelley*, 374 Mass. at 469–473. We perceive no basis for concluding that the jury failed to heed those instructions.

*Judgments affirmed.*

---

[5] In his final argument the defendant's attorney stated, "We are not contending that she [the victim] wasn't attacked, we are not contending she wasn't brutally attacked."