COMMONWEALTH *vs.* LAWRENCE M. MCARTHUR. September 28, 1979. 1. There was no abuse of discretion or other error of law in the assignment judge's denial of any of the following requests or motions made or filed by or in behalf of the defendant with his express assent: (a) the public defender's oral request, made twelve days in advance of trial, for a continuance "for a couple of months" on the ground that he was not prepared for trial; (b) the defendant's motion, filed pro se four days in advance of trial and denied the day before trial, to dismiss the public defender on the ground that the defendant had been "denied effective assistance of counsel"; (c) the defendant's motion, filed pro se on the morning of trial, to dismiss the public defender and for the appointment of other counsel; (d) the defendant's oral request pro se, made on the morning of trial, for a continuance on the ground that he was "negotiating" with private counsel who was not prepared to enter the case unless a continuance could be secured; and (e) the public defender's request, made and denied at the same time as (d), that he be allowed to withdraw from the case in favor of private counsel. The indictments for simple street crimes had all been returned approximately four months prior to trial; there had been extensive pretrial discovery (including disclosure of the minutes of the grand jury) either ordered by the court or agreed to by the prosecution; the public defender had interviewed the defendant twice in jail prior to advancing (a) above; the single area of desired further investigation referred to by the defender at the argument on (a) was factual and relatively narrow; there was no further complaint by the defender as to lack of preparation at the arguments on (c) through (e); the case had been on the trial list on twelve previous occasions; and the defendant was ably represented at trial as soon as he allowed the defender to conduct the defense (which occurred following a few preliminary questions which

the defendant, after consulting with the defender, put in cross examination of the Commonwealth's first witness). There is no merit to the defendant's present contention that he was somehow deprived of an opportunity to prove that he had gone to the park for the purpose of recapturing some marihuana which had been stolen from him (see *Commonwealth* v. *White,* 5 Mass. App. Ct. 483, 485-488 [1977]); if such intention had been irrefutably established as matter of fact, it would not have constituted a defense to stealing money at gunpoint. See *Commonwealth* v. *Saferian,* 366 Mass. 89, 96, 98 (1974); *Commonwealth* v. *Rondeau,* 378 Mass. 408, 412-413 (1979). The foregoing aspects of this case are all governed by the principles enunciated in such cases as *Commonwealth* v. *Bettencourt,* 361 Mass. 515, 517-518 (1972), *Commonwealth* v. *Gilchrest,* 364 Mass. 272, 276-277 (1973), *Commonwealth* v. *Funderberg,* 374 Mass. 577, 579-581 (1978), *Commonwealth* v. *Jackson,* 376 Mass. 790, 792 (1978), and *Commonwealth* v. *LaFleur,* 1 Mass. App. Ct. 327, 329-330 (1973). Contrast *Commonwealth* v. *Cavanaugh,* 371 Mass. 46, 47-50, 51-52, 56-57 (1976). 2. There is nothing in the record to support the defendant's contention that the prosecutor suborned or countenanced any false testimony by the witness Peltier concerning either the events in question or any promise, inducement or reward which might have been made or offered to him by the prosecution. Contrast *Commonwealth* v. *Nelson,* 3 Mass. App. Ct. 90, 97-101 (1975), *S. C.,* 370 Mass. 192, 195 (1976). 3. If there was anything improper about any of the characterizations employed by the prosecutor in his closing argument (see *Commonwealth* v. *MacDonald (No. 1),* 368 Mass. 395, 402 [1975]; *Commonwealth* v. *Mosley,* 6 Mass. App. Ct. 451, 452-453, 454 [1978]), it was cured by the trial judge's explicit and forceful instructions to the jury to disregard all characterizations employed by counsel, to decide the case on the evidence, and that closing arguments are not evidence. Compare *Commonwealth* v. *Dougan,* 377 Mass. 303, 312 (1979). See also *Commonwealth* v. *O'Brien,* 377 Mass. 772, 777-778 (1979). None of the prosecutor's other remarks exceeded the proper scope of argument; all of them were warranted by the evidence or by the fair inferences therefrom most favorable to the Commonwealth; nor can it fairly be said that the prosecutor voiced his opinion of the defendant's guilt or referred to matters not in evidence. 4. The defendant seeks to raise for the first time on appeal (see *Commonwealth* v. *Burkett,* 5 Mass. App. Ct. 901 [1977]) a contention that his "punishment [was] based at least partly on unconstitutional convictions of defendant at which he had not been represented by counsel." The defendant's probation record has not been made part of the appellate record, nor does the latter lend any support to the assertion of uncounseled convictions. If there is anything to the contention, it can be raised by a motion to revise the sentences on the indictments which were not placed on file. See Mass.R.Crim.P. 29(a), 378 Mass. 899 (1979); *United States* v. *Tucker,* 404 U.S. 443, 445-449 (1972); *United States* v. *Sawaya,* 486 F.2d 890, 892-893 (1st Cir. 1973); *O'Shea* v. *United States,* 491 F.2d 774, 778-780 (1st Cir.), overruled in part on other grounds in *Wingo* v. *Wedding,* 418 U.S. 461, 473 n.19 (1974); *Saville* v. *United States,* 524 F.2d 654, 655-656 (1st Cir. 1975).

*Judgments affirmed.*

*Lois M. Lewis* for the defendant.

*Francis R. Fecteau,* Assistant District Attorney, for the Commonwealth.