ESTHER-MARY FARRINGTON *vs.* SCHOOL COMMITTEE OF CAMBRIDGE.

Middlesex.    February 13, 1980. — March 27, 1980.

Present: HALE, C.J., GRANT, & NOLAN, JJ.

*School and School Committee,* Tenure of personnel, Termination of employment.

A notice of termination of employment sent a nontenured teacher by a superintendent of schools prior to the April 15 deadline established by G. L. c. 71, § 41, was ineffective where the school committee did not vote to deny her tenure until July 10, 1973. [475-476]

A judge did not err in ordering that a teacher who was not properly notified that she would not be employed for a fourth consecutive year be reinstated with tenure and awarding her as damages the salary she would have earned reduced by the amount she earned in mitigation of damages. [476]

A teacher who was purportedly not rehired pursuant to G. L. c. 71, § 41, was not bound by the requirement of c. 71, § 43A, that she seek judicial redress within thirty days after the school committee's vote of dismissal. [476]

PETITION IN EQUITY filed in the Probate Court for the county of Middlesex on January 28, 1974.

Upon transfer to the Superior Court, the case was heard by *Mitchell, J.*

*Duane R. Batista* for the defendant.

*Charles M. Healey, III,* for the plaintiff.

NOLAN, J. The school committee of Cambridge first hired the plaintiff to teach commencing in September, 1970. She taught for three successive years to the close of the school year in June, 1973. By letter dated April 10, 1973, and signed by the superintendent of schools the plaintiff was notified that she was not to be employed for the following school year. The plaintiff received this letter on April 15, 1973. The defendant did not vote to deny her tenure until July 10, 1973. The plaintiff filed a complaint for declaratory judgment on January 28, 1974. The trial judge, on a statement of agreed facts which is not reproduced in the appendix, made findings and rulings on which a judgment issued reinstating the plaintiff with tenure and back pay. We affirm the judgment.

The three issues are: (1) the effect of the superintendent's letter of April 10, 1973; (2) the nature of the relief granted; and (3) the timeliness of the plaintiff's action.

1. *The superintendent's letter.* General Laws c. 71, § 41, as in effect prior to St. 1972, c. 464, § 1 (effective.April 1, 1974), which is set forth in part in the margin,[1] used the term "at discretion" which is commonly referred to as "on tenure." *DeCanio* v. *School Comm. of Boston,* 358 Mass.

---

[1] Section 41. "Every school committee, in electing a teacher or superintendent, who has served in its public schools for the three previous consecutive school years, other than a union superintendent and the superintendent of schools in the city of Boston, shall employ him to serve at its discretion; but any school committee may elect a teacher who has served in its schools for not less than one school year to serve at such discretion. A teacher or superintendent not serving at discretion shall be notified in writing on or before April fifteenth whenever such person is not to be employed for the following school year. Unless said notice is given as herein provided, a teacher or superintendent not serving at discretion shall be deemed to be appointed for the following school year."

116, 117 (1970), appeal dismissed sub nom. *Fenton* v. *School Comm. of Boston,* 401 U.S. 929 (1971). The practical effect of a proper notice under § 41 is the denial of tenure to a teacher. However, a superintendent has no authority to terminate a teacher's employment. It falls to the school committee to hire and fire teachers, to take general charge of the public schools (G. L. c. 71, § 38) and to decide who will be given tenure. G. L. c. 71, § 41. These duties may not be delegated to the superintendent. *Demers* v. *School Comm. of Worcester,* 329 Mass. 370, 373 (1952).

The principal stumbling block to the defendant's position on this issue is the case of *Bonar* v. *Boston,* 369 Mass. 579 (1976). The differences between *Bonar* and the instant case are immaterial. The similarities are striking and conclusive. In short, the superintendent had no authority from the school committee to deprive the plaintiff of tenure as of April 15, 1973, the time when such action had to be taken. The superintendent's action was a nullity which could hardly be ratified by the vote of July 10, 1973.

2. *Relief.* The judge correctly ordered that the plaintiff be reinstated. She is entitled to serve at discretion because she was not properly notified that she would not be employed for the fourth consecutive year. *Ryan* v. *Superintendent of Schs. of Quincy,* 363 Mass. 731, 740 (1973). Additionally, the plaintiff is entitled by way of damages to the amount of salary of which she has been deprived, reduced by that amount which the judge found she earned in mitigation of damage. *Ryan* v. *Superintendent of Schs. of Quincy,* 374 Mass. 670, 673-674 (1978).

3. *Timeliness of plaintiff's action.* The defendant raises the question of the timeliness of the plaintiff's action in the light of the requirement of G. L. c. 71, § 43A, as amended through St. 1971, c. 518, that a teacher aggrieved under that statute may seek judicial redress within thirty days after the school committee's vote of dismissal. The provisions of § 43A are not controlling in this context because the plaintiff was not "dismissed . . . under the provisions of section forty-two or section sixty-three or . . . demoted . . .

under the provisions of section forty-two A." She was purportedly not rehired under § 41. Compare and contrast *Clark* v. *Mt. Greylock Regional Sch. Dist.*, 3 Mass. App. Ct. 549, 552 (1975).

*Judgment affirmed.*

