ESTHER-MARY FARRINGTON *vs.* SCHOOL COMMITTEE OF
CAMBRIDGE.

Middlesex. November 4, 1980. — January 19, 1981.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, KAPLAN, WILKINS, LIACOS, & ABRAMS, JJ.

*School and School Committee*, Tenure of personnel, Termination of employment.

Where a notice of termination of employment sent to a teacher who had
been employed for three consecutive years was defective because it
came from the superintendent rather than from the school committee
as required by G. L. c. 71, § 38, as in effect prior to St. 1974, c. 342,
and the school committee did not vote to deny tenure until after the
April 15 deadline established by c. 71, § 41, the teacher obtained
tenure under the provisions of § 41. [325-326] BRAUCHER, J., and
ABRAMS, J., dissenting.

PETITION IN EQUITY filed in the Probate Court for the
county of Middlesex on January 28, 1974.

On transfer to the Superior Court the case was heard by
*Mitchell*, J.

After review by the Appeals Court, the Supreme Judicial
Court granted leave to obtain further appellate review.

*Duane R. ·Batista* for the defendant.
*Charles M. Healey, III*, for the plaintiff.

WILKINS, J. This appeal, here on further appellate
review (see *Farrington* v. *School Comm. of Cambridge*, 9
Mass. App. Ct. 474 [1980]), principally involves the ques-
tion whether the plaintiff obtained tenure as a school
teacher in Cambridge. The plaintiff was employed as a
teacher for three consecutive years from September, 1970,
through the close of school in June, 1973. On April 15,
1973, she received a notice from the superintendent of
schools that she was not to be employed for the following
year. At that time, the school committee had not voted not

to rehire the plaintiff. It did vote on July 10, 1973, to sustain the superintendent's determination not to recommend the plaintiff for tenure. She received notice of that vote on July 18, 1973. Before us, the school committee accepts the conclusions of the Appeals Court (1) that the April notice was defective because it came from the superintendent rather than from the school committee, and (2) that the July vote of the school committee was late because it came after the April 15 date specified in G. L. c. 71, § 41.

The school committee challenges the decision of the Superior Court, affirmed by the Appeals Court, that, due to the defective notice and the untimely school committee vote, the plaintiff obtained tenure under G. L. c. 71, § 41. We agree with the conclusion of the Appeals Court, and affirm the judgment of the Superior Court.

We stated the principle in *Bonar* v. *Boston*, 369 Mass. 579, 585 (1976), that a teacher obtains tenure after three consecutive years of employment unless the appropriate school department officials give her timely, authorized, and proper notice in her third year of probationary employment that she will not be employed in the following year. In Boston, because of special legislation, timely notice of an intent not to rehire could have been made by either the superintendent of schools or by the school committee.[1] *Id.* at 582-583.

We adhere to our decision in the *Bonar* case. Tenure may be obtained upon the failure to give timely notice of a decision not to grant tenure or not to nominate for tenure. See *School Comm. of W. Springfield* v. *Korbut*, 373 Mass. 788, 797 (1977). The appropriate authority must in fact have made the decision by the time of the giving of such a notice. *Bonar* v. *Boston, supra* at 582. We reject the notion

---

[1] The same situation now exists generally in the Commonwealth by reason of a 1974 amendment of G. L. c. 71, § 38. St. 1974, c. 342. The 1974 amendment, not applicable here because its effective date postdates the relevant times, extends to each superintendent of schools the power to prevent the granting of tenure by a decision not to nominate a teacher for "election, contract, or promotion."

that an unauthorized notice, given before the statutory deadline, properly may preserve an option in the school committee to make an adverse tenure decision at some later date. A teacher in her third year of service is entitled, before April 16 in that year, to notice of a definite determination by a proper authority to deny tenure, if one is to be made. The decision lies fully within the control of the school committee (and now as well within the control of the superintendent of schools). Failure to act seasonably to deny tenure and to give notice of that decision has the effect of "electing" to grant tenure to a teacher in her third year of consecutive service as much as failure to give notice to a teacher in her first or second year of service of a decision not to reappoint her would constitute an appointment of that teacher to another year of service. G. L. c. 71, § 41.

The vote of the school committee on July 10, 1973, to sustain the recommendation of the superintendent of schools against tenure for the plaintiff was not a vote to dismiss, demote, or remove a tenured teacher. Consequently, the thirty days' time period, set forth in G. L. c. 71, § 43A, for an appeal from any such action, has no application to this proceeding seeking a declaratory judgment.[2]

*Judgment affirmed.*

BRAUCHER, J. (dissenting, with whom Abrams, J., joins). The decision in this case follows in part from the opinion in *Bonar* v. *Boston*, 369 Mass. 579 (1976). We did not participate in that decision, and have not had prior occasion to express our opinion that that case was wrongly decided. In this case as in that one the teacher in fact received a timely

---

[2] This action was commenced in 1974. There was no dispute concerning the facts. No motion was made by either party to advance the case for trial. The judgment in the Superior Court was entered in March, 1979. In a case where municipal obligations were accruing if the dismissed employee were to prevail, prompt trial or other resolution of the dispute should have been vigorously sought.

notice that she was not to be employed for the following school year, as required by G. L. c. 71, § 41. We do not see that any legitimate interest of the teacher or purpose of the statute was impaired by the fact that the decisive vote of the school committee took place after rather than before the notice was given. In practical effect both the *Bonar* case and the present case would have been decided the other way if the superintendent had given notice after the effective date of St. 1974, c. 342, amending G. L. c. 71, § 38. See 369 Mass. at 583 & n.9. The effect of the decision is to give an unqualified teacher life tenure because of a highly technical procedural defect, to the detriment of the children who should be the beneficiaries of the school system. Moreover, if the teacher achieved tenure on April 15, 1973, the vote of July 10, 1973, was a vote to dismiss her, subject to the thirty-day appeal period of G. L. c. 71, § 43A, which was not met.