**Rose GAVRILLES, Plaintiff,**

v.

**Daniel O'CONNOR, Manson Hall, Frank Peros, and Watertown School Committee, Defendants.**

**Civ. A. No. 83–0006–C.**

United States District Court, D. Massachusetts.

Dec. 28, 1984.

See also, D.C., 579 F.Supp. 301.

Anne M. Vohl, Burlington, Mass., Betty A. Gittes, Shaevel, Shaevel & Gittes, Boston, Mass., for plaintiff.

Loretta T. Attardo, Duane R. Batista, Nutter, McClennen & Fish, Boston, Mass., for defendants.

## MEMORANDUM

CAFFREY, Chief Judge.

· This is a civil action brought pursuant to 42 U.S.C. § 1983 on behalf of Rose Gavrilles, a tenured teacher in the Watertown, Massachusetts School System.

Named as defendants in the second amended complaint are Daniel O'Connor, Superintendent of Schools, Manson Hall, Headmaster of Watertown High School, Frank Peros, Director of art education for the Watertown School System and the Wa-

tertown School Committee. The matter is before the Court on defendants motion for summary judgment, which has been briefed and argued by the parties. The individual defendants base their motion on a claim that, as government officials performing discretionary functions, they have a qualified immunity which shields them from liability for civil damages because their conduct did not clearly violate established statutory or constitutional rights of which a reasonable person would have known. Plaintiff has challenged the claim that her constitutional rights allegedly violated herein were not clearly established so that a reasonable person would have known of them at the time the conduct in question took place.

In *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2739, 73 L.Ed.2d 396 (1982), the Supreme Court stated that an issue of this type may be determined on summary judgment. However, in the instant case, I believe that the record leaves a mixed question of fact and law as to whether or not the claimed right was in fact so clearly established that a reasonable person would have known of it at the relevant time. Consequently, the Court will hear counsel on this issue with or without evidence at the option of counsel at 11:00 a.m. on January 28, 1985.

With regard to that portion of the motion for summary judgment brought on behalf of the School Committee, I rule that the School Committee should be dismissed as a party defendant in this case on two separate grounds. First, the most analogous statute of limitations for application to a 42 U.S.C. § 1983 is either the 30 day period set out in M.G.L. c. 71 § 43A or the sixth month period set out in M.G.L. c. 150E. In the instant case, the claim against the School Committee was not made until more than one year after the February 16, 1983 suspension, which is the basis of plaintiff's complaint.

A second ground for dismissing the School Committee is the well established principle that in a case under § 1983

a municipality is not liable on the basis of the doctrine of *respondeat superior* for the allegedly wrongful acts of municipal employees. In this case I rule the complaint is fatally defective as against the School Committee because it does not allege that the employees were acting pursuant to either a policy or a custom established by the School Committee.

Order accordingly.