Garsh, J.
This action arises out of the decisions of the Westport Community School Committee (the “Committee”) to discontinue the employment of plaintiff Susan Dumais (“Dumais”) as a school teacher. Plaintiff filed this complaint on May 25, 1993, for declaratory judgment (Counts I, II and III), breach of contract (Count IV and Count V), negligence (Count VI), and civil rights violations (Count VII). Plaintiff now moves for summary judgment on Counts I, II and III. Defendants cross moved for summary judgment on all counts, claiming that the action is time-barred. For the reasons set forth below, plaintiffs motion is DENIED and defendants’ motion is ALLOWED, as to all counts, except Counts VI and VII.
BACKGROUND
Dumais, a certified elementary school teacher, was employed by Westport Community Schools beginning in September 1987. By operation of law, she became a tenured elementary school teacher in September of 1990, on the first day of her fourth year of consecutive employment.
On April 9, 1991, the Committee unanimously voted not to reappoint Dumais as an elementary teacher for the 1991-1992 school year. Plaintiff received notice of this vote. Nonetheless, she worked for the Westport Schools that year, albeit first as a per diem substitute teacher and later as a long-term substitute Grade 1 elementary school teacher.
On March 31, 1992, the Committee unanimously voted not to rehire Dumais as a long-term substitute elementary teacher for the following school year. Dumais alleges that she did not receive notice of that vote. She also alleges that she realized the Committee may have improperly dismissed her only on April 1, 1993.
Plaintiff asks this court to declare, as a matter of law, that she was a tenured teacher with Westport Community Schools in 1990, that she should be compensated as such for the 1990-1991 and 1991-1992 school years, and that she be reinstated as a tenured teacher until such time as the defendants properly terminate her employment.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue “and [further] that the moving party is *239 entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). Where both parties have moved for summary judgment and “in essence there is no real dispute as to the salient facts or if only a question of law is involved,” summary judgment shall be granted to the party entitled to judgment as a matter of law. Cassesso, supra.
I. DECLARATORY JUDGMENT (COUNTS I, II AND ID)
A. The April 9, 1991 Vote
The parties agree that Dumais was a tenured teacher at the time the Committee voted in April of 1991 not to reappoint her for the 1991-92 school year. Apparently both the Committee and Dumais were operating under a mistake as to her status. Dumais contends that because the Committee purported to act pursuant to Section 41,[2] her action is not barred by G.L.c. 71, §43A. That statute provides that a teacher “who has been dismissed, demoted, or removed from a position by vote of a school committee under the provisions of section forty-two may, within thirty days after such vote, appeal therefrom to the superior court . . .” Section 42 sets forth the grounds on which a school committee may dismiss a tenured teacher and it establishes procedural safeguards, as well.
When the Committee voted not to reappoint Dumais, the practical effect was to terminate the employment of a tenured employee. Despite what Committee members subjectively thought or the meeting’s minutes officially reflect, Dumais was tenured by law by virtue of G.L.c. 71, §41. That status does not depend upon a formal election. Frye v. School Committee, 300 Mass. 537, 538-39 (1938). The Committee was not required to notify Dumais when she achieved that status. There is no evidence of bad faith on the Committee’s behalf. It was Dumais’s responsibility to familiarize herself with the law pursuant to which she had become tenured in September 1990 and to exercise her rights accordingly. She did not.
Any grievances a tenured teacher has with regard to a school committee’s decision which results in dismissal must be pursued under G.L.c. 71, §43A. The thirty-day time period for plaintiffs action commenced when the Committee voted on April 9, 1991. Clark v. Mt. Greylock Regional School District, 3 Mass.App.Ct. 549, 552 (1975). “The vote of the school committee which starts the running of the thirty-day limitation period must be the one that demonstrates unambiguously the school committee’s intention to” dismiss, demote or remove the teacher in question. Id. The vote of April 9, 1991 clearly and unequivocally demonstrated the committee’s intention to sever Dumais from the system and constituted her dismissal, thereby implicating the rights accorded under c. 71, §42. Although the plaintiff claims she did not realize that she was tenured until sometime in April 1993, and relied to her detriment upon the Committee’s mistake, this court declines “to accept the plaintiffs invitation to create a new standard for measuring the thirty-day period contained in G.L.c. 71, §43A, commencing at the point when she first subjectively believed that her employment had been [improperly] terminated.” Muldoon v. Whittier Regional School Committee, 7 Mass.App.Ct. 653, 660 (1979).
This claim was brought almost two years after the plaintiffs dismissal. “The thirty-day limitation set out in §43A is clearly intended to allow a speedy resolution of conflicts arising over school committee actions taken” with regard to tenured employees. Clark v. Mt. Greylock Regional School District, supra at 552. Accordingly, Dumais may not now pursue her request for declaratory relief with respect to that dismissal.
B. The March 31, 1992 Vote
On March 31, 1992, the Committee unanimously voted not to rehire Dumais. In this vote, the Committee made no reference to any statute and gave no reasons for its action.[3] Dumais argues that this separate vote also improperly constituted the dismissal of a tenured teacher. Assuming that it does. Dumais’s claim is time-barred.[4]
Dumais contends that since the Committee made no reference to a statute, this court should assume that its decision was made under G.L.c. 71, §41, to which the thirty-day limitation is inapplicable. No law requires the Committee to make explicit reference to the statute under which it is dismissing an employee. In support of her contention, plaintiff relies on Farrington v. School Committee, 9 Mass.App.Ct. 474 (1980), aff'd, 382 Mass. 324 (1981). In that case, however, the plaintiff had challenged as untimely a purported denial of tenure, not, as here, dismissal or demotion of a tenured teacher. If any inference is to be drawn with respect to the Committee’s March 31,1992 action, it would be that the vote was “purportedly” taken under Section 42 since the plaintiff had been tenured for approximately twenty months when the vote took place. The Committee did not take a vote to “deny tenure” under Section 41 in March 1992, but instead took action to dismiss a tenured teacher.
Dumais also alleges that because defendants did not notify her of the March 31,1992 vote, her claim is not barred. In effect, she argues that Section 43A is applicable only to dismissals that have complied with the procedures set forth in Section 42 and that an action challenging a committee’s failure to comply with those procedural protections need not be brought within the time frame set forth, in Section 43A. That argument has been rejected. The thirty-day limitation applies whether the plaintiff is claiming procedural or substantive error. Kaufman v. School Committee of Boston, 8 Mass.App.Ct. 909 (1984).[5]
In sum, because the Committee’s action properly falls within c. 71, §42, Dumais. a dismissed tenured teacher, may not pursue her claim for declaratory relief because she failed to contest the claimed enrors within the time period specified under §43A.
*240 II.BREACH OF CONTRACT (COUNTS IV AND V)
Defendants and the Westport Federation of Teachers Local 906 AFL-CIO entered into a contract pursuant to G.L.c. 150. Dumais alleges in Counts IV and V that the defendants breached this contract when the Committee voted to dismiss her on April 9, 1991 and March 31,1992. She claims that, as a tenured teacher, she should be reinstated and compensated.
The breach of contract claims are not barred pursuant to G.L.c. 71, §43A. They are barred, however, by G.L.c. 150E.[6] Johnston v. School Committee, 404 Mass. 23, 25 (1989) (judicial remedy may not be pursued if employee has disregarded grievance procedure set out in collective labor contract).
III.NEGLIGENCE (COUNT VI)
Count VI of the complaint alleges that defendant Margo Desjardens negligently, fraudulently, or intentionally omitted presenting information concerning plaintiffs work history to the Committee when it was voting on April 9,1991 and March 31,1992. This claim is not barred by G.L.c. 71, §43A. The three-year statute of limitations for tort actions contained in G.L.c. 260, §2A applies. The complaint was filed within three years after the alleged omissions.
IV.CIVIL RIGHTS VIOLATIONS (COUNT VII)
Relying upon Gavrilles v. O’Connor, 599 F.Supp. 357 (D.Mass. 1984), defendants maintain that the plaintiffs civil rights claim, brought pursuant to 42 U.S.C. §1983, also is time-barred. That case held that a Section 1983 claim arising out of a school committee’s dismissal of a tenured teacher is governed by “the most analogous statute of limitations . . . either the 30-day period set out in G.L.c. 71, §43A or the sixth-month period set out in G.L. 150E.” Id. at 358 (emphasis added). The legal reasoning used in Gavrilles no longer is sound. Ward v. Hickey, 781 F.Supp. 63, 72 (D.Mass. 1990).
After Gavrilles was decided, the Supreme Court ruled in Wilson v. Garcia, 471 U.S. 261 (1985), that the most analogous state limitations period for all Section 1983 actions is the limitations period applicable to tort actions for recovery of damages for personal injury. Its decision was a response to the perceived “conflict, confusion, and uncertainty concerning the appropriate statute of limitations” in civil rights actions. Id. at 266. Then, in Owens v. Okure, 488 U.S. 235 (1989), the Supreme Court made clear that where a state has multiple personal injury statutes, the general or residual statute for personal injury actions governs Section 1983 claims, not some shorter statute applicable to intentional torts, even if the civil rights claims at issue are based upon actions falling clearly within the purview of a narrower statute.
The issue here is which Massachusetts statute fits the Supreme Court’s criteria so as to provide the appropriate limitations period. The general orresid-ualpersonalinjurystatuteoflimitationsinMassachu-setts is G.L.c. 260, §2A. The three-year limitations period contained in that statute permits Dumais to maintain her civil rights claim.[7] Street v. Vose, 936 F.2d 38 (1st Cir.), cert. denied, 112 S.Ct. 948 (1991); Pidge v. Superintendent, 32 Mass.App.Ct. 14, 19 (1992) (in dictum, court observed that G.L. 260, §2A “appears applicable” to a Section 1983 claim. “Although the Supreme Judicial Court has not yet ruled on this issue, we are persuaded that a State cannot apply a shorter time limit ... to a substantive federal right properly asserted in a State Court.”).[8]
ORDER
For the foregoing reasons, it is hereby ORDERED that plaintiffs motion for summary judgment be DENIED. It is further ORDERED that defendants’ cross motion for summary judgment be (1) ALLOWED as to Counts I, II, III, IV, and V and (2) DENIED as to Counts VI and VII.

 The official minutes of this meeting state: “The Superintendent recommended the Committee not move to appoint... [the plaintiff] . . . [and] to notify [her] that pursuant to c. 71, §41,oftheM.G.L. [she] will not be reappointed for the 1991-92 school year . . .”

 The official minutes of this meeting state that the superintendent recommended that Dumais, one of several “long-term substitutes be notified that they will not be re-hired.” (Emphasis in original.) The motion to so notify Dumais passed without opposition. A separate vote, not referring to Dumais, was taken with regard to non-tenured personnel.

 “G.L.c. 71, §43A contemplates only a single vote as the critical one for its purposes.” Muldoon v. Whittier Regional School Comm., supra at 660. That critical vote took place on April 9, 1991.

 Dumais does not claim that she did not discover the fact that she would not be rehired for the 1992-1993 school year until April of 1993, only that it was not until that date that she realized she improperly had been terminated.

 Plaintiff declined to address defendants’ contention that she was barred by c. 150E from pursuing her breach of contract claims.

 Even if G.L.c. 260, §5B, the statute of limitations governing civil rights actions, is applicable, which plaintiff has not argued, the result would not change. The limitation period in that statute is identical to G.L.c. 260, §2A

 The Court did not decide the statute of limitations question because it had not been fully briefed or argued.