NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-11

L.G.

vs.

G.J.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from an order extending a harassment prevention order, issued in favor of the plaintiff following a two-party hearing.  See G. L. c. 258E, § 3.  We affirm.

In reviewing the limited record on appeal, it appears the defendant and plaintiff were neighbors.  On November 13, 2024, an ex parte harassment prevention order issued against the defendant, presumably based on an affidavit supporting the plaintiff's complaint, in which the plaintiff claimed that the defendant had committed three or more acts of harassment against her.  See G. L. c. 258E, § 1; Gassman v. Reason, 90 Mass. App. Ct. 1, 7 (2016).  On November 21, 2024, a District Court judge held a two-party hearing after notice to the plaintiff and the

defendant.  Both parties appeared at the hearing.  We have no transcript of the hearing, however, and the record does not otherwise reflect what occurred beyond the declarations made by the plaintiff in the supplemental affidavit and the defendant's denials written on the affidavit.[1]  Following the hearing, the judge extended the harassment prevention order for one year, and the defendant timely appealed.

Discussion.  "The burden is on the appellant to ensure that an adequate record exists for an appellate court to evaluate." Openshaw v. Openshaw, 493 Mass. 599, 611 n.21 (2024), quoting Commonwealth v. Woods, 419 Mass. 366, 371 (1995).  "An appellant's obligation to include those parts of the trial transcript and copies of motions which are essential for review of the issues raised on appeal . . . is a fundamental and long-standing rule of appellate civil practice" (quotation and citation omitted).  Cameron v. Carelli, 39 Mass. App. Ct. 81, 84 (1995).  See Mass. R. A. P. 8 (a)-(c), as appearing in 481 Mass. 1611 (2019); Mass. R. A. P. 18 (a), as appearing in 481 Mass. 1637 (2019).

---

[1] While the defendant, representing herself on appeal, recounts in her informal appellate filings what she contends happened at the hearing, such allegations do not constitute record evidence.

Setting aside the other deficiencies in her appellate filings,[2] the defendant has failed to provide a transcript of the hearing.  Where her arguments revolve around the alleged insufficiency of the plaintiff's showing, as well as other improprieties she contends occurred at the hearing, we are unable to review the merits of the defendant's claims.[3]  To attempt such review without the transcript would require us to engage in speculation.  Contrast Matter of M.C., 481 Mass. 336, 345 (2019), quoting Commonwealth v. Bottiglio, 357 Mass. 593, 597 (1970) (incomplete record sufficient to permit review where

---

[2] Without deciding, we note that appellant's brief appears to have been created through misuse of a generative artificial intelligence tool, as none of the cases cited correspond to existing cases.

[3] We do note, with respect to the defendant's argument that the plaintiff's allegations were not credible, that on appellate review "[w]e accord the credibility determinations of the judge who heard the testimony of the parties . . . [and] observed their demeanor . . . the utmost deference [quotations and citations omitted]."  Noelle N. v. Frasier F., 97 Mass. App. Ct. 660, 664 (2020).

court was not required to "resort to speculation").

Accordingly, we must affirm the order.

Order entered November 21,
2024, affirmed.

By the Court (Vuono,
Desmond & Toone, JJ.[4]),

Clerk

Entered:  November 19, 2025.

---

[4] The panelists are listed in order of seniority.