NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-527

KHAREE I. CRISWELL

vs.

CARITAS COMMUNITIES INC. & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff appeals from the allowance of a motion to dismiss his appeal for failure to perfect the appeal.  We affirm.

Background.  In reviewing the limited record on appeal, it appears that the plaintiff filed a complaint against Caritas Communities Inc. with the Cambridge Human Rights Commission (CHRC) on January 3, 2023.  The CHRC issued a finding of lack of probable cause on October 17, 2023.  On December 28, 2023, the plaintiff filed a complaint for judicial review pursuant to G. L. c. 30A, § 14, with the Middlesex Superior Court.  In response, the defendants filed a motion to dismiss, and, on

_____

[1] City of Cambridge Human Rights Commission.

August 7, 2024, a judge of the Superior Court allowed the defendants' motion.  The plaintiff then filed a "Notice of Appeal & Transcript" on August 20, 2024.  On January 13, 2025, Caritas Communities Inc. moved to dismiss the appeal, on the grounds (1) that the plaintiff failed to request the necessary transcripts within fourteen days of filing his appeal as required by Mass. R. A. P. 8 (b) (1) (A), as appearing in 481 Mass. 1611 (2019), and to submit the necessary transcripts to the clerk of the Superior Court within fourteen days of filing his appeal as required by Mass. R. A. P. 9 (d) (2), as appearing in 481 Mass. 1615 (2019), and otherwise failed to perfect his appeal in the intervening five months, and (2) for lack of subject matter jurisdiction.  A different motion judge allowed the motion to dismiss the appeal on January 14, 2025.  The plaintiff appealed the allowance of the motion to dismiss the appeal, arguing, among other things, that the Middlesex Superior Court Clerk's Office failed to timely assemble the record and failed to file the transcripts necessary for his appeal, judicial misconduct on the part of the motion judge, and perjury by the defendants' legal counsel.  He further asserts violations of his Fourteenth Amendment right to due process, violations of the Fair Housing Act, and violations of "Massachusetts anti-discrimination statutes."

2

Discussion.  "The burden is on the appellant to ensure that an adequate record exists for an appellate court to evaluate." Openshaw v. Openshaw, 493 Mass. 599, 611 n.21 (2024), quoting Commonwealth v. Woods, 419 Mass. 366, 371 (1995).  "An appellant's obligation to include those parts of the trial transcript and copies of motions which are essential for review of the issues raised on appeal . . . is a fundamental and long-standing rule of appellate civil practice" (quotation and citation omitted).  Cameron v. Carelli, 39 Mass. App. Ct. 81, 84 (1995).  See Mass. R. A. P. 8 (a)-(c), as appearing in 481 Mass. 1611 (2019); Mass. R. A. P. 18 (a), as appearing in 481 Mass. 1637 (2019).

The plaintiff appeals from the allowance of a motion to dismiss his appeal, but the plaintiff has failed to provide a copy of his notice of appeal, the defendant's motion to dismiss, and the judge's order allowing the motion to dismiss.[2]  Although the plaintiff provided a screenshot of an email from the attorney representing the City of Cambridge in this matter, seemingly confirming receipt of the transcript, the plaintiff provided nothing suggesting that the plaintiff delivered the

_____

[2] We also note, without deciding, that the plaintiff's brief appears to have been created through misuse of a generative artificial intelligence tool, as many of the cases cited do not correspond to existing cases.

3

transcript to the clerk of the Middlesex Superior Court within fourteen days of the date that the plaintiff filed his appeal. See Mass. R. A. P. 9 (d) (2) (requiring appellant to deliver transcript of lower court proceedings, signed statement certifying appellant ordered transcripts, or signed statement certifying that appellant does not intend to order transcripts to clerk of the lower court within fourteen days after filing a notice of appeal). Additionally, the plaintiff has not provided exhibits to suggest that he perfected his appeal in the subsequent five months.[3] We are, therefore, unable to review the plaintiff's claim that he perfected his appeal without engaging in speculation. Contrast Matter of M.C., 481 Mass. 336, 345

---

[3] We note that, the deficiencies in the plaintiff's appellate filings notwithstanding, the plaintiff would not have prevailed in his initial complaint for judicial review based on the undisputed facts because the Superior Court did not have subject matter jurisdiction to hear his complaint. The plaintiff sought judicial review of the CHRC's probable cause determination, which is not subject to judicial review. See Grandoit v. Massachusetts Commission Against Discrimination, 95 Mass. App. Ct. 603, 606-607 (2019) (holding that preliminary administrative findings of no probable cause are not final orders and therefore not subject to judicial review pursuant to G. L. c. 30A, § 14). Additionally, even if the probable cause determination were subject to judicial review pursuant to G. L. c. 30A, § 14, the plaintiff would fare no better as his complaint was filed on December 28, 2023, more than thirty days after the CHRC issued its findings on October 17, 2023. See G. L. c. 30A, § 14 ("The action shall, except as otherwise provided by law, be commenced in the court within thirty days after receipt of notice of the final decision of the agency . . . ").

4

(2019), quoting Commonwealth v. Bottiglio, 357 Mass. 593, 597 (1970) (incomplete record sufficient to permit review where court was not required to "resort to speculation").  We accordingly must affirm the judge's allowance of the motion to dismiss the appeal.

Order dismissing plaintiff's
  appeal affirmed.

By the Court (Desmond, Shin &
  Walsh, JJ.[4]),

Clerk

Entered:  December 4, 2025.

---

[4] The panelists are listed in order of seniority.

5